

1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  ANDREW Y.S. CHENG (CSBN 164613)
   Assistant United States Attorney
4
   450 Golden Gate Avenue, Box 36055
5  San Francisco, California 94102-3495
   Telephone: (415) 436-6813
6  Facsimile: (415) 436-6748
   Email: andrew.cheng@usdoj.gov
7
   Attorneys for Defendant
8  United States of America

9                      UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12  ALLEN FARON and NANCY FARON,          )
                                          )
13              Plaintiffs,               )      CASE NO. CV 07          5602
                                          )
14       v.                               )      NOTICE OF REMOVAL
                                          )
15  ST. JOSEPH HOSPITAL; ST. JOSEPH       )
    HEALTH SYSTEM; KEVIN                  )
16  MOLANDER, M.D.; JOHN KELSEY,          )
    M.D.; RONALD CORDOVA, M.D.;           )
17  UNITED STATES OF AMERICA,             )
    DOES 1 through 25, 27-50, Inclusive,  )
18                                        )
                Defendants.               )
19  _____  )

20       TO:  Humboldt County Superior Court
                  825 Fifth Street
21                Eureka, California 95501-1153

22                Fabrice N. Vincent
                  Kent L. Klaudt
23                Lieff, Cabraser, Heimann & Bernstein, LLP
                  275 Battery St., 30th Floor
24                San Francisco, California 94111-3339
                  Attorneys for Plaintiffs Allen Faron and Nancy Faron
25
    ///
26
    ///
27
    ///
28
    NOTICE OF REMOVAL
    Faron et al. v. St. Joseph et al.                 1

1   G. Patrick Galloway
    Joseph E. Finkel
2   Galloway, Lucchese, Everson & Picchi
    1676 North California Blvd., Suite 500
3   Walnut Creek, California 94596-4183
    Attorneys for Defendants
4   Ronald Cordova, M.D., John Kelsey, M.D., and
    Kevin Molander, M.D.
5
    Nancy K. Delaney
6   Mitchell, Brisso, Delaney & Vrieze
    814 Seventh Street
7   P.O. Drawer 1008
    Eureka, California 95502
8   Attorneys for Defendant St. Joseph Health System of Eureka

9   John P. Phillips
    Jason Sonoda
10  Paul, Hastings, Janofsky & Walker LLP
    55 Second Street - 24th Floor
11  San Francisco, California 94015-3441
    Attorneys for St. Joseph Health System
12
    Peter M. Stone
13  Paul, Hastings, Janofsky & Walker LLP
    695 Town Center Dr., 17th Floor
14  Costa Mesa, California 02626-1924
    Attorneys for St. Joseph Health System
15
            PLEASE TAKE NOTICE that on this day Case No. DR070032 pending in the Humboldt
16
    County Superior Court is being removed to the United States District Court for the Northern District
17
    of California, pursuant to 28 U.S.C. §§ 1441 et seq. on behalf of defendant United States of America.
18
    Upon direction by the Attorney General of the United States and pursuant to 28 U.S.C. § 1446, the
19
    undersigned attorneys hereby present the following facts to the Judges of the United States District
20
    Court for the Northern District of California.
21
            1.   On July 14, 2006, plaintiffs Allen Faron and Nancy Faron filed a complaint for medical
22
    malpractice in the San Francisco Superior Court against federal defendant Eureka Community Health
23
    Center. The non-federal defendants include St. Joseph Hospital of Eureka, St. Joseph Health System,
24
    Kevin Molander, M.D., John Kelsey, M.D., and Ronald Cordova, M.D. Plaintiffs allege that due to
25
    the negligence of defendants, plaintiff Allen Faron sustained the loss of a colon and permanent and
26
    disabling injuries.
27

28
    NOTICE OF REMOVAL
    Faron et al. v. St. Joseph et al.                    2

1    2. On July 31, 2006, plaintiffs filed a First Amended Complaint For Damages and Equitable
2    Relief.

3    3. On October 26, 2006, the United States Attorney's Office removed this action from San
4    Francisco Superior Court to the United States District Court on behalf of defendant Eureka
5    Community Health Center, a federally deemed health center. Pursuant to the Federally Supported
6    Health Centers Assistance Act of 1995, the health centers and their employees are covered by the
7    Federal Tort Claims Act ("FTCA"). The FTCA is the exclusive remedy for alleged negligent actions
8    caused by employees of a federally deemed health center.

9    4. On December 13, 2006, the action was remanded to Humboldt County Superior Court
10    because federal defendant Eureka Community Health Center was dismissed from the action, and the
11    San Francisco Superior Court had granted a motion to transfer this action to Humboldt County.

12    5. On or about October 22, 2007, the United States of America was substituted for Doe 26
13    after Plaintiffs exhausted their administrative remedies with the appropriate federal agency.

14    6. On October 24, 2007, the United States Attorney's Office received an Amended Summons,
15    Doe Amendment, and Proof of Service by First Class mail. Copies of the Amended Summons, Doe
16    Amendment and Proof of Service are attached as Exhibit A. The First Amended Complaint is
17    attached as Exhibit B. Pursuant to 28 U.S.C. § 1446(a) these documents constitute the only process,
18    pleadings, or order which have been received. There has been no trial in this action.

19    7. Removal of this action to the United States District Court is made pursuant to 28 U.S.C.
20    §§ 1441 et seq. on behalf of the United States. Original jurisdiction lies in a federal forum under 28
21    U.S.C. § 1331 (civil actions arising under the Constitution, laws or treaties of the United States), and
22    the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et seq.

23    ///
24    ///
25    ///
26
27
28
NOTICE OF REMOVAL
Faron et al. v. St. Joseph et al.                    3

1         8. A copy of this Notice is being filed with the Clerk of the Humboldt Superior Court.  That

2    filing will automatically effect the removal of the action in its entirety to this Court for all future

3    proceedings.

4                                                 Respectfully submitted,

5                                                 SCOTT N. SCHOOLS
                                             United States Attorney

6

7    DATED: __11/5___, 2007    By: _____
8                                            ANDREW Y.S. CHENG
                                        Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL
Faron et al. v. St. Joseph et al.              4

SUM-100

**AMENDED  SUMMONS**
*(CITACIÓN JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
ST. JOSEPH HOSPITAL; ST. JOSEPH HEALTH SYSTEM; EUREKA
COMMUNITY HEALTH CENTER; KEVIN MOLANDER, M.D.;
JOHN KELSEY, M.D.; RONALD CORDOVA, M.D.; UNITED STATES;
and DOES 1 through 50, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :

ALLEN FARON AND NANCY FARON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>HUMBOLDT COUNTY SUPERIOR COURT<br>825 Fifth Street<br>Eureka, California 95501-1153 | CASE NUMBER:<br>*(Número del Caso):* DR070032 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor          Phone: (415) 956-1000
San Francisco, CA 94111-3339

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms* ™

733808_1.PDF

**AMENDED  SUMMONS**

**EXHIBIT A**

Code of Civil Procedure §§ 412.20, 465

1 | Fabrice N. Vincent (State Bar No. 160780)
Kent L. Klaudt (State Bar No. 183903)
2 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
3 | 275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
4 | Telephone: (415) 956-1000
Facsimile: (415) 956-1008
5 |
Attorneys for Plaintiff Allen Faron
6 |

7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF HUMBOLDT - UNLIMITED JURISDICTION

10 |

11 | ALLEN FARON,                              | Case No. DR070032

12 |                Plaintiff,                 | DOE AMENDMENT

13 |     v.

14 | ST. JOSEPH HOSPITAL; ST. JOSEPH
HEALTH SYSTEM; KEVIN
15 | MOLANDER, M.D.; JOHN KELSEY,
M.D.; RONALD CORDOVA, M.D.; and
16 | DOES 1 through 50, inclusive,

17 |                Defendants.

18 |

19 | Plaintiff Allen Faron, being ignorant at the time of filing his complaints of the true name

20 | of the defendant United States and having designated the defendant in the complaint by the

21 | fictitious name of Doe 26 and having now exhausted administrative remedies under the Federal

22 | Torts Claim Act and having discovered the true name of the defendant to be United States hereby

23 | amends his First Amended Complaint by substituting the true name for the fictitious name

24 | wherever it appears in the complaint.

25 |

26 |

27 |

28 |

733702.1                                         - 1 -
                                          DOE AMENDMENT

1 | Dated: October 22, 2007

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
Fabrice N. Vincent

Fabrice N. Vincent (State Bar No. 160780)
Kent L. Klaudt (State Bar No. 183903)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Plaintiff Allen Faron

733702.1

- 2 -

1 | Fabrice N. Vincent (State Bar No. 160780)
Kent L. Klaudt (State Bar No. 183903)
2 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
3 | 275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
4 | Telephone: (415) 956-1000
Facsimile: (415) 956-1008
5 |
Attorneys for Plaintiff Allen Faron
6 |
7 |
8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 | COUNTY OF HUMBOLDT - UNLIMITED JURISDICTION
10 |

| | |
|---|---|
| 11    ALLEN FARON, | Case No. DR070032 |
| 12         Plaintiff, | **PROOF OF SERVICE VIA U.S. MAIL** |
| 13      v. | |
| 14    ST. JOSEPH HOSPITAL; ST. JOSEPH HEALTH SYSTEM; KEVIN | |
| 15    MOLANDER, M.D.; JOHN KELSEY, M.D.; RONALD CORDOVA, M.D.; and | |
| 16    DOES 1 through 50, inclusive, | |
| 17         Defendants. | |

18 |

19      I am a citizen of the United States and employed in San Francisco County, California. I

20 | am over the age of eighteen years and not a party to the within-entitled action. My business

21 | address is Embarcadero Center West, 275 Battery Street, 30th Floor, San Francisco, California

22 | 94111-3339.

23      I am readily familiar with Lieff, Cabraser, Heimann & Bernstein, LLP's practice for

24 | collection and processing of documents for mailing with the United States Postal Service, and that

25 | practice is that the documents are deposited with the United States Postal Service with postage

26 | fully prepaid the same day as the day of collection in the ordinary course of business.

27      On October 22, 2007, I served a copy of the within document(s):

28      1.    **DOE AMENDMENT;**

733703.1               - 1 -

1    2.    **AMENDED SUMMONS;** and this

2    3.    **PROOF OF SERVICE VIA U.S. MAIL**

3    to the persons on the attached list by U.S. Mail delivery:

4    I declare under penalty of perjury under the laws of the State of California that the above

5    is true and correct.

6    Executed on October 22, 2007 at San Francisco, California.

7

8    _____

9    Rizalino Altares

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

733703.1                                    - 2 -

LISA BARSOOMIAN
DEPARTMENT OF HEALTH & HUMAN SERVICES
OFFICE OF THE GENERAL COUNSEL
330 INDEPENDENCE AVENUE S.W., ROOM 4760
WASHINGTON, DC 20201
PHONE: (202) 619-2155
COUNSEL FOR DEFENDANT UNITED STATES

NANCY K. DELANEY
MITCHELL, BRISSO, DELANEY & VRIEZE
814 SEVENTH STREET
P.O. DRAWER 1008
EUREKA, CA 95502
PHONE: (707) 443-5643
FAX: (707) 444-9586
EMAIL: ndelaney@mitchelllawfirm.com
COUNSEL FOR ST. JOSEPH HEALTH SYSTEM OF EUREKA

G. PATRICK GALLOWAY
JOSEPH E. FINKEL
GALLOWAY, LUCCHESE, EVERSON & PICCHI, APC
1676 NO. CALIFORNIA BOULEVARD
SUITE 500
WALNUT CREEK, CA 94596-4183
PHONE: (925) 930-9090
FAX: (925) 930-9035
EMAIL: pgalloway@glattys.com; jfinkel@glattys.com
COUNSEL FOR INDIVIDUAL PHYSICIAN DEFENDANTS

LETICIA KIM
US ATTORNEYS OFFICE
DEPARTMENT OF JUSTICE
450 GOLDEN GATE AVENUE, 9TH FLOOR
PO BOX 36055
SAN FRANCISCO, CA 94012
COUNSEL FOR DEFENDANT UNITED STATES

JOHN P. PHILLIPS
JASON SONODA
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 SECOND STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105-3441
PHONE: (415) 856-7000
FAX: (415) 856-7100
EMAIL: johnphiliips@paulhastings.com
COUNSEL FOR ST. JOSEPH HEALTH SYSTEM

PETER M. STONE
PAUL, HASTINGS, JANOFSKY & WALKER LLP
695 TOWN CENTER DR., 17TH FLR.
COSTA MESA, CA 02626-1924
PHONE: (714) 668-6200
FAX: (714) 979-1921
EMAIL: peterstone@paulhastings.com
COUNSEL FOR ST. JOSEPH HEALTH SYSTEM

1 | Fabrice N. Vincent, State Bar No. 160780
Richard M. Heimann State Bar No. 063607
2 | Robert L. Lieff, State Bar No. 037568
Alexandra L. Foote, State Bar No. 225695
3 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
4 | 275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
5 | Telephone: (415) 956-1000
Facsimile: (415) 956-1008
6 | FVINCENT@LCHB.COM

7 | Attorneys for Plaintiffs Allen and Nancy Faron

**F I L E D**
San Francisco County Superior Court

JUL 3 1 2006

GORDON PARK-LI, Clerk
BY: _Elias Butt_
Deputy Clerk

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN FRANCISCO - UNLIMITED

10 |

11 | ALLEN FARON AND NANCY FARON,          CASE NO. CGC-06-454199

12 |        Plaintiffs,

13 | v.                                    **FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

14 | ST. JOSEPH HOSPITAL; ST. JOSEPH
HEALTH SYSTEM; EUREKA
15 | COMMUNITY HEALTH CENTER;
KEVIN MOLANDER, M.D.; JOHN          **DEMAND FOR JURY TRIAL**
16 | KELSEY, M.D.; RONALD CORDOVA,
M.D.; and DOES 1 through 50, inclusive,   [Catastrophic Loss of Colon and
17 |                                       Extraordinary, Permanent and Disabling
        Defendants.                       Injuries to Allen Faron Caused by Medical
18 |                                       Malpractice, Negligent Hiring and Unfair
                                          and Fraudulent Business Practices]
19 |
                                          Case Management Conference:
20 |                                       December 15, 2006, 9:00 a.m.
21 |                                       DEPT.:    212
22 |
23 |
24 |
25 |
26 |
27 |                                       EXHIBIT
28 |                                          B
551480.1

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

I.    **INTRODUCTION**

1.    Shocking errors by physicians in the Emergency and Urgent Care Departments of St. Joseph Hospital and Eureka Community Health Clinic caused 19-year-old Allen Faron terrible and irreparable injuries. Defendants' failure to adequately care for Allen Faron caused an easily repairable hernia to progress to extraordinary and catastrophic permanent loss of most of his digestive tract.

2.    As a result of defendants' misconduct, Allen Faron almost died, and was hospitalized at the University of California San Francisco Pediatric and Pediatric ICU for over 110 days. He will never eat or defecate normally again and has required multiple rehospitalizations. Allen Faron faces a future of prolonged illness, permanent disability, and premature death.

3.    Allen Faron's catastrophic injuries are not only totally disabling, they are painful, gruesome, and require constant care. He has an open wound in his abdomen with protruding fistula and requires an abdominal discharge pouch and a colostomy bag. He is in constant pain and tethered 15 hours a day to complex and awkward feeding tubes.

4.    Plaintiff Allen Faron's injuries were easily preventable. Any plain film radiology x-ray, CT scan or MRI should have revealed the hernia, and if it were diagnosed earlier, it could have been easily repaired and he would have led a normal life. Defendants inexcusably failed to provide even basic x-rays, failed in their physical examinations of Allen Faron and failed to do complete blood work or supply other basic medical care and testing necessary for Allen Faron's hernia detection and repair.

5.    Defendants' conduct was reckless and malicious. Allen Faron presented desperately many times for emergency care with acute distress and never received basic abdominal and thoracic examination testing and treatment. He was not supplied standard radiological testing, or given complete blood tests, nor suspected for or diagnosed with obstructive condition. He did not receive the simple hernia detection and repair he so obviously and desperately needed.

551480.1

- 1 -

## II.    PARTIES, VENUE AND JURISDICTION

6.    Plaintiffs Allen Faron and Nancy Faron are son and mother.  For most of this year, they have resided in ICU and/or Critical Care Units of the University of California San Francisco Children's Hospital located at 505 Parnassus, San Francisco and at Family House, 1234 10th Avenue, San Francisco, California.  Presently, Allen Faron resides at UCSF Children's Hospital on Parnassus and his mother resides at Family House on 10th Avenue.

7.    The true names and capacities of the defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff therefore sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained.  Plaintiff is informed and believes, and therefore alleges, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

8.    At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants and was at all times herein mentioned acting within the scope of said agency and employment.

9.    Plaintiff is informed and believes, and hereby alleges, that Defendants, KEVIN MOLANDER, M.D., and DOES 1 through 25, inclusive, at all times relevant hereto were and are physicians duly licensed to practice medicine in the State of California and doing business at 2700 Dolbeer Street, Eureka, California.

10.    Plaintiff is informed and believes, and hereby alleges, that Defendants, JOHN KELSEY, M.D., and DOES 1 through 25, inclusive, at all times relevant hereto were and are physicians duly licensed to practice medicine in the State of California and doing business at 3340 Glenwood Avenue, Eureka, California and 2700 Dolbeer Street, Eureka, California.

11.    Plaintiff is informed and believes, and hereby alleges, that Defendants, RONALD CORDOVA, M.D., and DOES 1 through 25, inclusive, at all times relevant hereto were and are physicians duly licensed to practice medicine in the State of California and doing business at 2700 Dolbeer Street, Eureka, California.

551480.1

- 2 -

1          12.     Defendants EUREKA COMMUNITY HEALTH CENTER, and DOES 26

2    through 45, are and were at all times herein mentioned hospitals, clinics and/or mental health care

3    facilities maintained pursuant to a license existing under and by virtue of the laws of the State of

4    California and/or authorized to do business and doing business at 2412 Buhne Street, Eureka,

5    California.

6          13.     Defendants ST. JOSEPH HOSPITAL, ST. JOSEPH HEALTH SYSTEM

7    and DOES 26 through 45, are and were at all times herein mentioned hospitals, clinics and/or

8    mental health care facilities maintained pursuant to a license existing under and by virtue of the

9    laws of the State of California and/or authorized to do business and/or doing business at 2700

10   Dolbeer Street, Eureka, California.   ST. JOSEPH HEALTH SYSTEM also has a principle place

11   of business in Orange County California.

12         14.     On information and belief, ST. JOSEPH HOSPITAL and ST. JOSEPH

13   HEALTH SYSTEM (hereinafter the "Hospital Defendants") are alter egos of each other and/or

14   set up as separate entities solely as a fiction to avoid responsibility for non-delegable duties and

15   duties affirmatively assumed by virtue of their advertised promises to provide excellence in

16   medical services to the community, promises relied upon by plaintiffs herein to their detriment.

17         15.     Venue is proper in San Francisco County because the majority of Allen

18   Faron's injuries occurred in San Francisco County.  To save his life from defendants' malpractice

19   and tortious misconduct, Allen Faron was flown to San Francisco County for extraordinary and

20   lengthy medical interventions.  Already in 2006, he has required dozens of surgeries performed in

21   San Francisco and has already spent over 110 days at UCSF Children's Hospital at a cost already

22   well in excess of $2.7 million in medical, hospital and drug services provided in San Francisco

23   County by San Francisco residents and entities.  He was rehospitalized on or about July 24, 2006

24   at UCSF for new surgeries and rehabilitation.

25         16.     Venue is proper in San Francisco County because proceedings in this

26   action will focus intensely on the nature and extent of Allen Faron's extraordinary damages, and

27   this significant testimony will be from treating and/or expert physicians located in San Francisco

28   County.  .

551480.1                                        - 3 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1        17.    Venue is also proper in San Francisco County because Defendant

2   St. Joseph Hospital has a principal place of business in Oakland, California in the form of

3   Octagon Risk Management, a self-funded, insurance-like entity set up by St. Joseph Hospital and

4   Health System. Octagon Risk Management is an independent contractor physician structure

5   which participates in the "independent contractor" physician structure that contributes to

6   inadequate oversight over and resulting substandard medical care for Allen Faron. The fraudulent

7   purpose of this structure is, on information and belief, to evade responsibility to compensate

8   persons the St. Joseph Defendants have injured. Octagon Risk Management is located at 2101

9   Webster Street, Suite 645, Oakland, California, 94612.

10       18.    Venue is also proper in San Francisco County because all of the specialty

11  care that and the many doctors that were and are required to keep Allen Faron alive are located at

12  UCSF Children's Hospital in San Francisco on Parnassus Avenue. The Farons intend to relocate

13  permanently to the Bay Area because it is impracticable and/or impossible for them to live

14  permanently and safely in Eureka, California which lacks the complex and special medical care

15  Allen Faron now requires to survive.

16       19.    Trial of this action is appropriately held in San Francisco, California

17  because the Bay Area is the only location where Allen Faron can safely and practically endure a

18  trial given his extraordinary, continuing and life-long medical needs. San Francisco county is a

19  practicable county for trial for defendants because San Francisco offers convenient

20  accommodations and efficient and fair judicial services. The treating physicians who saved

21  Allen's life and understand his injuries are here in San Francisco County. Justice substantially

22  favors adjudication of Allen Faron's claims in San Francisco County.

23       20.    Plaintiffs Allen and Nancy Faron likely cannot easily receive an impartial

24  trial in Humboldt County because it is a very small community in which defendant St. Joseph

25  Hospital is one of the largest employers. Many persons in the jury pool and members of the court

26  have sought or could expect to seek medical care from St. Joseph Hospital, Eureka Community

27  Health Center, from St. Joseph related medical entities such as Redwood Memorial Hospital

28  and/or the physician defendants.

551490.1                              - 4 -

## III.    FACTS

21.    In the early morning of Thursday, January 19, 2006, Allen Faron presented yet again to St Joseph emergency department. Allen had been at home and was still feeling ill. He had just been seen in St. Joseph emergency department on January 17, 2006, and had sought medical care for signs of major abdominal problems at St. Joseph more than half a dozen times (11/22/02, 5/24/05, 8/04/05, 8/30/05, 1/15/06, 1/17/06 and 1/19/06), and had similarly sought treatment at the Eureka Community Health Center (9/2/05), for reoccurring abdominal pains . followed by vomiting, a classic obstructive syndrome that requires radiological and other internal examination.

22.    Defendants inexcusably failed to x-ray or adequately radiologically evaluate or test, diagnose and repair Allen Faron's hernia and obstructions until it was too late. The need for radiological evaluation of abdominal complaints is a basic and longstanding tenet of medicine, "A patient who has a clinical picture suggestive of a bowel obstruction, for example, is best served by obtaining plain radiographs of the abdomen ...." Sleisenger & Fordtran's Gastrointestinal and Liver Disease, Pathophysiology, Diagnosis, Management, 7th edition, 2002; Textbook of Surgery, The Biological Basis of Modern Surgical Practice, Edited by David C. Sabiston, Jr., M.D., James Duke Professor and Chairman Department of Surgery, Duke University Medical Center, 1991, "plain radiographs of the abdomen have their greatest role in the evaluation of the question of mechanical obstruction of the gastrointestinal tract. Supine and erect radiographs of the abdomen should allow the distinction between gastric outlet obstructions, proximal, mid and distal small bowel obstructions, and colonic obstructive processes." CT scanning and MRI scanning were also readily available to Defendants and inexcusably not utilized or not properly utilized on Allen Faron to his detriment.

23.    By January 19, 2006 Allen Faron's undiagnosed hernia had catastrophically and irreversibly progressed and he collapsed in St. Joseph emergency department and had to be resuscitated with intubation and chemical resuscitation. Testing revealed sudden catastrophic hernia progression with massive amounts of bowel within his right hemithorax with marked deformity of the mediastinal structures. He underwent emergently surgery and was

551480.1                                                    - 5 -

1  transferred to the University of California San Francisco Pediatric Unit where he underwent

2  numerous surgeries and was hospitalized for more than 110 days at a cost well in excess of $2.7

3  million.

4          24.    Allen's case is not only catastrophic but egregious, because the

5  devastating, life-threatening course of events should never have happened. Allen knew and told

6  his doctors that something was very terribly wrong with him and his repeated and desperate

7  efforts to seek basic medical care from defendants were useless because they ignored his

8  complaints and disregarded his suffering and failed to perform standard, easily available

9  necessary medical testing.

10          25.    Defendants ST. JOSEPH HOSPITAL, ST. JOSEPH HOSPITAL

11  SYSTEM, EUREKA COMMUNITY HEALTH CENTER, KEVIN MOLANDER, M.D., JOHN

12  KELSEY, M.D., RONALD CORDOVA, M.D., and DOES 1 through 50, and each of them,

13  undertook the care and treatment of the Plaintiff, ALLEN FARON, and rendered professional

14  services in the diagnosis, care and treatment of the Plaintiff.

15          26.    At all times herein mentioned, the Defendants, and each of them, failed to

16  exercise the proper degree of knowledge and skill and so negligently, carelessly, recklessly,

17  wantonly, and unlawfully treated, provided care, monitoring, examination, and other professional

18  services that, among other things, they failed to adequately and properly diagnose and treat

19  Plaintiff. Notices pursuant to California Code of Civil Procedure Section 364 were served on

20  April 10, 2006.

21          27.    Plaintiff alleges on information and belief that at all times herein

22  mentioned, the Defendants, and each of them, failed to order and/or perform basic x-rays of, and

23  blood work for, Plaintiff, ALLEN FARON, and/or otherwise failed to meet the standard of care

24  when he sought help with major abdominal problems, and, as a result, failed to timely diagnose

25  and treat his hernia. Defendants' failure to perform basic diagnostic testing on Plaintiff, ALLEN

26  FARON, was plain and obvious error, as he presented repeatedly over the course of

27  approximately seven months with a longstanding history of abdominal pain followed by

28

551480.1                                    - 6 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  vomiting, which were obvious signs of obstructive syndrome always requiring x-ray review and

2  full blood tests.

3          28.    Timely basic diagnostic testing of Mr. Faron would have revealed the

4  hernia when it could and would have been easily repaired without any permanent injury.

5  Defendants' failure to perform basic testing caused Mr. Faron to suffer catastrophic, permanent

6  and horrific complications and injuries.

7          29.    Mr. Faron's future medical care needs are extraordinary and he will need

8  transplantation of his small intestines and liver; unfortunately these extremely costly procedures

9  hold major risks and living with transplanted organs also requires life-long treatment with

10  dangerous steroids and an ever-present risk of organ rejection.  Intestinal transplantation costs

11  approximately $813,600 and a liver transplantation starts at approximately $392,800, if organs are

12  available.

13          30.    Defendants' negligence caused Plaintiff, ALLEN FARON, to suffer

14  irreversible and catastrophic injuries to, and loss of, most of his digestive system starting on or

15  about January 19, 2006 because of complications from the undiagnosed progressive hernia.

16          31.    Plaintiff alleges on information and belief that Plaintiff, ALLEN FARON,

17  is now in constant pain and was hospitalized and bedridden at UCSF in San Francisco for over

18  110 days from January 19, 2006 to May 2005, with multiple subsequent hospitalizations,

19  including re-hospitalizations with multiple future hospitalizations and surgeries expected.

20          32.    Plaintiff Allen Faron will likely never be able to eat or defecate or live

21  naturally again and requires 15 hours daily of total parenteral nutrition and will require lifelong

22  medical care.  Total parenteral nutrition (TPN), is the complex practice of feeding a person

23  without using the gut, i.e. intravenously.  TPN is delivered with a medical infusion pump.  A

24  sterile bag of nutrient solution, between 500 mL and 4 L is provided.  The pump infuses a small

25  amount (0.1 to 10 mL/hr) continuously in order to keep the vein open.   The nutrient solution

26  consists of water, glucose, salts, amino acids, vitamins and sometimes emulsified fats.

27          33.    Long term TPN patients suffer from many side effects including systemic

28  hypertension, lack of trace nutrients, electrolyte imbalances, increased blood sugar, and bacterial

551480.1                                    -7-

1   infection, usually due to the increased infection risk from having an indwelling central venous

2   catheter. Liver failure often may also occur, especially in patients like ALLEN FARON who

3   require massive levels of TPN to survive.

4        34.   Plaintiff Allen Faron continues to have an open abdominal wound that may

5   not ever heal and has required many chest tubes just to breathe because his chest cavity was

6   leaking for so long. He has required multiple surgeries and will require many more. Because of

7   the wrongdoing of Defendants, and each of them, Plaintiff, ALLEN FARON, faces a future of

8   prolonged hospitalization, prolonged, constant suffering and premature death. His massive

9   injuries have caused him extraordinary emotional suffering and pain and major severe depression

10  and he has been placed on suicide watch.

11       35.   As a direct and proximate result of the negligence, carelessness,

12  recklessness, wantonness and unlawfulness of defendants, and each of them, and the resulting

13  incident, as aforesaid, Plaintiff, ALLEN FARON, sustained severe and serious injury to his

14  person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown

15  according to proof.

16       36.   By reason of the foregoing, Plaintiff Allen Faron suffers terribly, has been

17  required to employ the services of hospitals, physicians, surgeons, nurses and other professional

18  services, and has been compelled to incur expenses for air ambulance, ambulance service,

19  medicines, x-rays, TPN, multiple surgeries and other medical supplies and services. Plaintiff is

20  informed and believes, and thereon alleges, that further services of said nature will be required by

21  Plaintiff in an amount to be shown according to proof.

22       37.   At the time of the injury, as aforesaid, Plaintiff, ALLEN FARON, was

23  regularly and gainfully employed. By reason of the foregoing Plaintiff has been unable to engage

24  in his employment for a time subsequent to said accident, and Plaintiff is informed and believes,

25  and upon such information and belief, alleges that he will be unable to work in his said

26  employment for the rest of this life, all to Plaintiff's damage in an amount to be shown according

27  to proof, and estimated at this time to have a present value of between $973,870 and $1,318,480.

28

551490.1                          - 8 -

1      38.     True and correct representative color photographs of Allen Faron are

2   attached hereto as Exhibit A.

3                          **FIRST CAUSE OF ACTION**

4      **(Violation of Business & Professions Code § 17200 and Common Law Fraud –**
         **St. Joseph Hospital and Health System Defendants Only)**

5

6      39.     Plaintiffs incorporate by reference herein all prior paragraphs of this

7   complaint.

8      40.     Plaintiffs bring this cause of action pursuant to Business & Professions

9   Code §§ 17200 et. seq., including 17204.

10     41.     California Business & Professions Code §17200 provides that unfair

11  competition shall mean and include "all unlawful, unfair or fraudulent business practices and

12  unfair, deceptive, untrue or misleading advertising.

13     42.     St. Joseph Hospital and St. Joseph Hospital System have committed unfair

14  business practices and common law fraud because they have fraudulently and secretly set

15  themselves up as shell fraud companies that employ independent contractor physicians providing

16  compromised medical care.  In response to legitimate claims for fair compensation for errors and

17  mistakes in the delivery of care, Defendants respond by falsely denying that they even provide

18  medical or hospital services at all, claiming to be only business corporation that delegates all

19  medical and hospital care to independent physician contractors.  On information and belief, this is

20  a fraudulent corporate structure intended only to evade liability and damages that should be borne

21  by St. Joseph Hospital and St. Joseph Health System, which hold themselves out to the

22  community as providers of premier medical and emergency services and care.

23     43.     St. Joseph defendants' use of independent contractor physicians results in

24  substandard quality and continuity of care and caused or substantially contributed to the

25  plaintiffs' injuries.

26     44.     The acts and practices of St. Joseph Hospital and St. Joseph Health System

27  in improperly characterizing physicians as independent contractors and/or setting up shell

28  corporations to evade responsibility for mistakes in medical services misled plaintiffs herein and

551480.1                                  - 9 -

1   are likely to mislead the general public and therefore constitute unfair business practices within

2   the meaning of Business & Professions Code §§ 17200 et seq. because of related acts of untrue

3   and misleading advertising by St. Joseph Hospital, upon which Plaintiffs and the community have

4   relied, including:

5               a.      Representing to Plaintiffs and the community that they "provide

6       health care to our patients and clients in partnership with other professionals and

7       organizations";

8               b.      Representing to Plaintiffs and the community that they supply

9       excellence in medical care including emergency care: "St. Joseph Hospital operates a

10      full-service, 24-hour Emergency Department staffed by emergency medicine physicians

11      and specially trained and certified emergency care nurses. In addition, St. Joseph

12      Hospital's E.D. is a designated Emergency Department Approved for Pediatrics (EDAP),

13      by North Coast Emergency Medical Services. This designation means that our hospital

14      has specialized policies, equipment, and standards for providing and monitoring

15      emergency pediatric care." (St. Joseph web site);

16              c.      Unlawfully denying claims for compensation and falsely asserting

17      it is not a medical service provider once their mistakes and/or acts of negligence result in

18      compensable injuries, which related claims are then unfairly and improperly denied;

19              d.      St. Joseph Hospital holds itself out to the public as a premier

20      hospital and health care facility which provides excellence in emergency services to the

21      community.  Consequently community members, including plaintiffs in this action, look

22      to and rely upon the St. Joseph hospital—not merely individual providers—for medical

23      and emergency room care, as plaintiffs in this action did, to their detriment and lasting

24      injury;

25              e.      St. Joseph Hospital brochures, including Community Health

26      Calendar for May 2006 state, "[W]e thank you for your trust in allowing us to care for

27      you." –St. Joseph Hospital "Emergency Department" brochure.  The Regional Yellow

28      Pages includes St. Joseph advertisements, including claims that the Hospital is "Dedicated

551480.1                                    - 10 -

1    to Your Good Health. The latest treatments and technologies, plus professional,

2    compassionate staff." –Advertisement for St. Joseph Hospital, page 156;

3            f.    St. Joseph Health System affirmatively holds itself out to the

4    community as a medical provider (not as a manager of independent contractors) "SJHS is

5    an integrated healthcare delivery system providing a broad range of medical services. The

6    system is organized into three regions—Northern California, Southern California, and

7    West Texas/Eastern New Mexico—and consists of 14 acute care hospitals, as well as

8    home health agencies, hospice care, outpatient services, skilled nursing facilities,

9    community clinics, and physician organizations. The facilities that comprise SJHS offer a

10    wide variety of services within each of the three regions. From well-established acute

11    care hospitals to clinics in non-traditional settings like school rooms and shopping malls,

12    SJHS is establishing a "continuum of care," that is, a system that links and coordinates an

13    entire spectrum of health services." This advertising is false, fraudulent and/or misleading

14    because St. Joseph Hospital responds to legitimate claims for responsibility by falsely

15    claiming not to provide medical care at all which it claims to be the sole responsibility of

16    "independent contractor" physicians; and

17            g.    St. Joseph Health System's web site acknowledges responsibility

18    for care at St. Joseph Hospital which St. Joseph Health System promotes as a "a full-

19    service acute care facility with two campuses. We specialize in cancer treatment, heart

20    care, emergency care, childbirth, and women's and pediatric services. We offer complete

21    cardiac care in our Heart Institute including open heart surgery, cardiopulmonary services,

22    and cardiac rehabilitation, as well as the latest cancer treatments and technologies in our

23    fully accredited Cancer Program. Some of the additional comprehensive services offered

24    are: CAT scan , MRI, Positron Emission Therapy (PET), a Sleep Center, Medical

25    Rehabilitation, Mammography, Radiology and coming soon, IMRT." This advertising is

26    false, fraudulent and/or misleading because, on information and belief, St. Joseph Hospital

27    provides substandard medical services to the community of persons who need care,

28    including Allen Faron, and, on information and belief, provides particularly inadequate

551490.1                                    - 11 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    care to persons like Allen Faron with limited financial resources and/or MediCal

2    dependants.

3       45. St. Joseph Hospital Defendants' use independent contractor physicians is

4    not adequately disclosed, is contrary to affirmative advertised representations and reduces the

5    quality of medical and E.R. care and is a cause or contributing cause of plaintiffs' injuries.

6       46. The foregoing practices constitute unlawful, unfair and fraudulent business

7    acts or practices, within the meaning of California Business & Professions Code §§ 17200 et seq.,

8    as well as unfair, deceptive, untrue and misleading advertising as prohibited by California

9    Business & Professions Code §17500.

10       47. Provision of hospital services is a non-delegable duty at all hospitals.

11    St. Joseph Hospital, like hospitals nationwide, is accredited and monitored by the Joint

12    Commission of Hospital Accreditation and has non-delegable duties to provide minimum

13    emergency and urgent care to all patients, including ALLEN FARON.

14       48. The unlawful, unfair and fraudulent business practices of Defendants

15    described above present a continuing threat to members of the public in that Defendants continue

16    to engage in the conduct described therein.

17       49. As a result of their conduct described above Defendants have been and will

18    be unjustly enriched. Specifically, Defendants have been unjustly enriched by receipt of millions

19    of dollars in ill-gotten gains from the provision of medical services that they fraudulently

20    advertised for.

21       50. Plaintiffs detrimentally relied on the St. Joseph Defendants' affirmative

22    misrepresentations of excellence in their management and provision of ER services.

23       51. Because of the fraudulent misrepresentations made by and concealments of

24    Defendants as detailed above, and the inherently unfair practice of committing a fraud against the

25    public by intentionally misrepresenting and concealing material medical care information, the

26    acts of Defendants described herein constitute unfair or fraudulent business practices.

27

28

551480.1       - 12 -

## SECOND CAUSE OF ACTION

### Violation of Business and Professions Code § 17500 et. seq. - St. Joseph Hospital and Health System Defendants Only)

52.    Plaintiff incorporated by reference herein all prior paragraphs of the complaint.

53.    Plaintiff brings this cause of action pursuant to Business & Professions Code §17535, in an individual capacity and not on behalf of the general public.

54.    California Business & Professions Code §17500 provides that it is unlawful for any person, firm, corporation or association to dispose of property or perform services, or to induce the public to enter into any obligation relating thereto, through the use of untrue or misleading statements.

55.    At all times herein mentioned Defendants have committed acts of disseminating untrue and misleading statements as defined by Business & Professions Code § 17500 by engaging in the following acts and practices with intent to induce members of the public to purchase and use their medical services.

56.    Engaging in advertising programs designed to create the image, impression and belief by consumers, patients and plaintiffs that they supplied standard of care compliant medical, emergency and acute care.

57.    The foregoing practices constitute false and misleading advertising within the meaning of California Business & Professions Code § 17500.

58.    The acts of untrue and misleading statements by Defendants described herein above present a continuing threat to members of the public in that the acts alleged herein are continuous and ongoing, and the public will continue to suffer the harm alleged herein.

59.    As a result of their false and misleading statements described above, Defendants have been and will be unjustly enriched. Specifically, Defendants have been unjustly enriched by profits from ill-gotten gains from the sale and delivery of medical services.

551480.1

- 13 -

1    **THIRD CAUSE OF ACTION**

2    **(Medical Negligence- Against All Defendants)**

3        60.    Plaintiff incorporated by reference herein all prior paragraphs as though

4    fully set forth herein.

5        61.    Defendants were medical providers who failed to provide basic medical

6    services and testing that any reasonable medical provider would have supplied and failed to

7    diagnose and repair a readily diagnosable, easily repairable congenital hernia.

8        62.    Defendants, and each of them, were and held themselves out to be,

9    knowledgeable in the provision of medical, including emergency and acute care.

10        63.    At all times relevant, Defendants carelessly and negligently examined,

11    informed, treated, diagnosed, prognosed, prescribed medication to and otherwise treated and

12    rendered medical and other services and care to Plaintiff.

13        64.    At all times herein mentioned, the relationship between Defendant(s) and

14    Plaintiffs herein was fiduciary in nature, which imposed a duty upon Defendant(s) to fully

15    explore, diagnose, disclose and repair any and all material problems, dangers, hazards and health

16    problems, inherently associated with Allen Faron's health complaints, problems and symptoms.

17        65.    As a result of the professional negligence and medical malpractice of

18    Defendant(s), Plaintiff has suffered severe injuries and damages as alleged herein.

19        66.    Plaintiffs complied with the provisions of Code of Civil Procedure § 364

20    on April 10, 2006 by serving on defendants notice of plaintiffs' intention to commence this

21    action.    Their letter stated:

22        Dear St. Joseph Hospital, Dr. Molander, Dr. Kelsey, Dr. Cordova
        and Eureka Community Health Center:
23
        Please be advised that we represent Allen Faron and his mother
24        Nancy Faron and that they intend to pursue claims against you
        (and/or your agents, employers or employees) for medical
25        negligence and malpractice as a result of your failure to meet the
        standard of care in treating Allen Faron.
26
        You failed to order and/or perform basic x-rays of and blood work
27        for Mr. Faron (and/or otherwise failed to meet the standard of care
        when he sought your help with major abdominal problems), and, as
28        a result, failed to timely diagnose and treat his hernia.    This

551480.1                                    - 14 -

1  negligence caused Mr. Faron to suffer irreversible and catastrophic
   injuries to and loss of most of his digestive system on January 19,
2  2006 because of complications from the undiagnosed progressive
   hernia.

3

4  Brave 19-year-old Allen Faron is now in constant pain and remains
   and has been hospitalized and bedridden at UCSF San Francisco
5  since January 19, 2006. He will likely never be able to eat or
   defecate or live naturally again and requires total parenteral
6  nutrition and lifelong medical care. He continues to have an open
   abdominal wound that may or may not ever heal and requires chest
7  tubes just to breathe because his chest cavity is leaking. He has
   required multiple surgeries and will require many more. Because of
8  your wrongdoing, Mr. Faron faces a future of prolonged
   hospitalization, prolonged, constant suffering and premature death.
9  His massive injuries have caused him extraordinary emotional
   suffering and pain and major severe depression and he has been
10 placed on suicide watch.

11 Our expert physician consultants, including Professor of Medicine
   John Cello, advise the Farons and me that your failure to perform
12 basic diagnostic testing on Mr. Faron is plain and obvious error,
   shocking and wrong. Mr. Faron presented repeatedly over the
13 course of approximately seven months with a longstanding history
   of abdominal pain followed by vomiting; these were obvious signs
14 of obstructive syndrome always requiring x-ray review and CBCs
   and full blood workup.

15 Timely basic diagnostic testing of Mr. Faron would have revealed
   the hernia when it could have been easily repaired without any
16 permanent injury. Your failure to perform basic testing caused Mr.
   Faron to suffer catastrophic, permanent and horrific complications
17 and injuries. Mr. Faron's only hope for a semi-normal life is  .
   transplantation of his small intestines and liver; unfortunately this
18 extremely costly procedure has its own major risks.

19 Mr. Faron hopes and requests that you have or will report this
   matter to the California Medical Board as well as the Joint
20 Commission on Hospital Accreditation, and that you undergo
   remedial medical training before treating other patients.

21

22 Please let us know if we may provide you with any information or
   records to facilitate your and/or your counsel or insurors'
   consideration of Mr. Faron's claims.

23

24 Very truly yours,

25 Fabrice Vincent

26 cc:  Allen and Nancy Faron, UCSF Hospital, Room L-629
         Pediatrics, 6th Floor, Main Campus, 505 Parnassus Ave., San
27       Francisco, CA  94143-2204

28       Frank Grove, Octagon Risk Services, 2101 Webster Street,
         Suite 645, Oakland, CA  94612

551480.1                                   - 15 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    Felecia Harte, LCHB Legal Nurse Consultant

2      67. The conduct of Defendants was willful and intentional and done with

3    fraud, oppression and malice against Plaintiff and with a conscious disregard to the rights of

4    Plaintiff. Pursuant to California Code of Civil Procedure § 425.13, Plaintiff asserts punitive

5    damage claims only against the St. Joseph defendants (who are believed to deny that they are

6    medical providers) and will later assert punitive and/or exemplary damages against the individual

7    physicians named in this Complaint. Based upon the allegations set forth in this complaint and

8    Plaintiffs hereby give notice of their intention to amend said claims in the future to allege punitive

9    damages under C.C.P. § 415.13(a).

10    **FOURTH CAUSE OF ACTION**

11    **(Loss of Son's Consortium And Mother's Loss of Income and**
**Provision of Necessary Medical Support and Nursing Services -**
12    **Against All Defendants)**

13      68. Plaintiffs incorporate herein by reference all prior paragraphs of this

14    complaint.

15      69. This cause of action is brought on behalf of Plaintiff Nancy Faron, who is

16    the mother of Plaintiff Allen Faron.   By reason of the injuries sustained by Plaintiffs son Allen,

17    Plaintiff Nancy Faron has missed many months of work and performs necessary medical

18    attendant and nursing services for Allen Faron who depends on his mother for medical assistance

19    and for his survival.  It is expected that Allen Faron will require his mother's intensive help for

20    the rest of his life.

21      70. Allen Faron has had and will continue to have complex needs including

22    stoma care, wound care, chest tube care and total parenteral nutrition by central intravenous line.

23    Ms. Faron dresses his wounds and stoma, cares for his central intravenous line and delivers

24    parenteral nutrition.

25      71. Plaintiff Nancy Faron has been dramatically injured and damaged by virtue

26    of her son's injuries which have required Nancy's round the clock care and attention, including

27    110 plus days straight she spent caring for him at UCSF Pediatrics, never even returning home

28

551480.1    - 16 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  during his initial hospitalization course. Allen Faron will require Nancy Faron's care and

2  intensive assistance for life.

3       72.    Nancy Faron has also been and will continue to be deprived of income and

4  her son's consortium, society, comfort, protection, and service, thereby causing and continuing to

5  cause said Plaintiff damages, losses, grief, sorrow, mental anguish, emotional distress and pain

6  and suffering.

7                  **FIFTH CAUSE OF ACTION**

8       **(Negligent Hiring and Supervision- Against All Defendants)**

9       73.    Plaintiffs incorporate here all prior paragraphs of the complaint.

10      74.    Defendants were each and all negligent in the hiring and/or supervision of

11  physicians, nurses, agents, and others who failed to timely diagnose and repair Allen Faron's

12  hernia.

13      75.    As a proximate and direct cause of Defendants' negligence in hiring and

14  supervision, plaintiffs have suffered catastrophic, continuing and terrible injuries and damages, as

15  plead above.

16      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them,

17  as follows:

18       1.    For past, present and future general damages, according to proof;

19       2.    For past and future medical and incidental expenses, according to proof;

20       3.    For past and future loss of earnings and/or earning capacity, according to

21  proof; economic damages, including but not limited to sums incurred and to be incurred for

22  services of hospitals, physicians, surgeons, nurses and other medical supplies and services;

23       4.    For the right to later move to amend to assert punitive and exemplary

24  damages in an amount to be-determined at trial;

25       5.    For prejudgment interest on all damages as is allowed by the laws of the

26  State of California;

27       6.    For past and future mental and emotional distress, according to proof;

28       7.    For past and future loss of consortium, according to proof;

551480.1                    - 17 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

8.    For past and future costs of suit incurred herein;

9.    For equitable relief, enjoining Hospital Defendants from the acts of unfair competition and untrue and misleading advertising alleged above, and ordering Hospital Defendants to restore to Plaintiff all funds acquired by means of any act or practice declared by this court to be unlawful or fraudulent, or to constitute unfair competition or untrue or misleading advertising;

10.    For interest provided by law including, but not limited to, California Civil Code Sec. 3291; and

11.    Costs and fees of suit (including public benefit attorneys fees awardable under C.C.P. Section 1021.5) and for such other and further relief as the court deems proper.

12.    For estoppel against the Hospital Defendants preventing them for benefiting from MCRA limits due to their unfair business practices in denying that they are health care providers.

13.    For loss of consortium and for the value of virtually round-the-clock nursing and support needed by ALLEN FARON and supplied by Nancy Faron, other family members and nurses and support personnel.

14.    Punitive damages against St. Joseph Hospital and Health System.

15.    For such other and further relief as the Court deems just and proper.

Dated: July 30, 2006        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
                    Fabrice N. Vincent

Robert L. Lieff (State Bar No. 037568)
Fabrice N. Vincent (State Bar No. 160780)
Alexandra L. Foote (State Bar No. 225695)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Attorneys for Plaintiffs ALLEN and NANCY FARON

551480.1

- 18 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1

## JURY DEMAND

2    Plaintiff demands a trial by jury on all issues which may be tried by a jury.

3    Dated: July 30, 2006        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

4

5                               By: _____
                                        Fabrice N. Vincent
6

7                               Robert L. Lieff (State Bar No. 037568)
                                Fabrice N. Vincent (State Bar No. 160780)
8                               Alexandra L. Foote (State Bar No. 225695)
                                LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
9                               Embarcadero Center West
                                275 Battery Street, 30th Floor
10                              San Francisco, CA  94111-3339
                                Telephone:  (415) 956-1000
11                              Facsimile:  (415) 956-1008

12                              Attorneys for Plaintiffs ALLEN and NANCY FARON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

551480.1                                - 19 -





