1  Fabrice N. Vincent (State Bar No. 160780)
   Kent L. Klaudt (State Bar No. 183903)
2  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   Embarcadero Center West
3  275 Battery Street, 30th Floor
   San Francisco, CA  94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
5  e-mail:  fvincent@lchb.com
   e-mail:  kklaudt@lchb.com
6
   Attorneys for Plaintiff Allen Faron
7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND DIVISION

12  ALLEN FARON,                          CASE NO.  CGC-07-5602 SBA (related to C
                                          06-06662 SBA)
13
              Plaintiff,                  **JOINT CASE MANAGEMENT
14                                        STATEMENT**
15      v.

16  ST. JOSEPH HOSPITAL; ST. JOSEPH
    HEALTH SYSTEM; KEVIN
17  MOLANDER, M.D.; JOHN KELSEY,
    M.D.; RONALD CORDOVA, M.D.; and
18  UNITED STATES OF AMERICA;
    inclusive,
19
              Defendants.
20

21          Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Civil L.R. 16-

22  10, the parties have met and conferred, and hereby submit this Joint Case Management Statement.

23  **I.      JURISDICTION AND SERVICE**

24          Jurisdiction is proper because this action was removed by the United States of

25  America in accordance with 28 U.S.C. § 1441(a), 1441(e) and 42 U.S.C. § 233, on behalf of the

26  federally-deemed Defendant Eureka Community Health Center (now known in this action as the

27  Defendant United States of America), and pursuant to the Federal Tort Claims Act this Court has

28  original jurisdiction over this action.  All Defendants have been served and have appeared in this

1    action.

2    **II.    FACTS**

3          **A.    Plaintiff Allen Faron's Statement of Facts**

4          Plaintiff, 21-year-old Allen Faron, has suffered catastrophic and permanent

5    injuries as a result of a congenital diaphragmatic hernia that Defendants failed to diagnose despite

6    at least 5 visits by Mr. Faron to the St. Joseph Hospital Urgent Care and Emergency Departments

7    and one visit to Eureka Community Health Center complaining of severe pain and other

8    abdominal symptoms.  As a result, Mr. Faron suffered respiratory arrest, near sudden death, and

9    approximately 11 surgeries to resect and repair his mostly necrotic intestines, which had become

10   incarcerated and strangulated by his diaphragmatic hernia.

11         As a result of these injuries, Allen Faron will likely never be able to eat or defecate

12   normally or live naturally again and he is now dependant on life-sustaining total parenteral

13   nutrition ("TPN") via IV for 12 hours a day, every day, and has almost no remaining small

14   intestine.  His medical bills to date are in excess of $3.2 million, including more than 120 days in

15   the ICU at UCSF Medical Center in San Francisco.

16         He is now left with 55 cm of small bowel and one half of his colon in continuity.

17   This minute length of small bowel does not allow adequate nutrition by mouth, and thus Allen

18   Faron has the most severe form of short bowel syndrome (intestinal failure) and will require TPN

19   to sustain his life.  The chance of his ever developing the capacity to adequately sustain nutrition

20   by mouth after one year of TPN is minimal.  Although TPN can adequately sustain nutrition, the

21   complication rate is high and life expectancy is limited.

22         Allen faces a future of likely frequent catheter-related infections and related

23   hospitalizations.  He also faces the risk of frequent occlusion of catheters and thrombosis of veins,

24   requiring multiple hospital admissions for replacing the catheter itself as his veins gradually

25   become unusable.

26         He is also now at high risk of liver failure, which is a long-term complication of

27   TPN use. Greater than 50% of patients on TPN for more than five years will develop complicated

28   liver disease, *i.e.*, cirrhosis.  It is significant that patients like Allen Faron, with the shortest

1    residual intestine, are at greatest risk for End Stage Liver Disease ("ESLD").  Mr. Faron's liver

2    functions are elevated, and he likely already has active liver disease at this time.

3            Life expectancy with a short small bowel remnant on TPN is limited.  Various

4    studies have placed five year survival between 50 and 60%, and ten year survival, when noted, as

5    around 40%.

6            Mr. Faron's future medical care needs are extraordinary and he will likely need

7    transplantation of his small intestines and liver; unfortunately these extremely costly procedures

8    hold major risks and living with transplanted organs also requires life-long treatment with

9    dangerous steroids and an ever-present risk of organ rejection.  Intestinal transplantation costs

10   approximately $813,000 and a liver transplant costs approximately $392,000, assuming that

11   organs are available.

12           At the time of the injury, Allen Faron was regularly and gainfully employed

13   working in a restaurant.  As a result of his injuries, he has been unable to work, and he will likely

14   be unable to work for the rest of his life, and his future wage loss is estimated at between

15   $973,870 and $1,318,480.

16           Additionally, according to Plaintiff's economist and rehabilitation consultant,

17   Allen faces between $2,752,870 to $20,934,181 in future medical care (depending on both his life

18   expectancy and on whether or not he has a small bowel/liver transplant).  These future medical

19   services include gastroenterologist visits, psychological services, laboratory studies, likely yearly

20   hospitalizations due to sepsis and thrombosis, a possible small bowel/liver transplant,

21   medications, TPN, ostomy, and wound care supplies.

22           Plaintiff contends that all the Defendants' care and treatment of Allen Faron fell

23   below the standard of care and that all the Defendants were otherwise negligent, and that the

24   Defendants' actions and inactions were a cause of Allen Faron's injuries and damages.

25   **B.    Physician Defendants' Statement of Facts**

26           On August 28, 2005, Mr. Faron presented to the St. Joseph Hospital Emergency

27   Department complaining of epigastric abdominal pain.  He was seen by defendant Ronald

28   Cordova, M.D. who suspected gastritis.  Mr. Faron was prescribed Prevacid and instructed to

1    follow up with the Eureka Community Health Center.

2              On August 30, 2005, Mr. Faron presented to the St. Joseph Hospital Urgent Care

3    Center with a chief complaint of abdominal pain for four days.  He was seen by defendant

4    Kevin Molander, M.D.  Again, the impression was gastritis and he was instructed to continue

5    taking Prevacid as well as Tums as needed.  He was instructed to drink plenty of fluids and follow

6    up with his primary care provider.

7              Four and one-half months later, on January 15, 2006, Mr. Faron presented to the

8    St. Joseph Hospital Urgent Care Center and was seen again by Dr. Molander.  His chief complaint

9    was vomiting.  Mr. Faron provided a history which included having eaten Chinese food at

10   approximately 3:00 p.m. the previous day.  The impression was gastroenteritis, possibly

11   secondary to some form of food poisoning.  Mr. Faron was prescribed nausea medication and

12   instructed to see his primary care physician.

13             On January 17, 2006, Mr. Faron presented to the St. Joseph Hospital Emergency

14   Department with a chief complaint of nausea, vomiting and constipation.  He was seen by

15   emergency room physician John Kelsey, M.D. who believed Mr. Faron to be suffering from acute

16   gastritis or possibly dyspepsia.  He was given nausea medication as well as Pepcid and instructed

17   to follow up with his primary care provider at the Eureka Community Health Center.

18             On January 18, 2006, Mr. Faron presented to the St. Joseph Hospital Emergency

19   Department in respiratory arrest.  A chest x-ray was performed and it was determined that he had

20   a ruptured right hemi-diaphragm with a large amount of bowel located in the right upper chest

21   area and was subsequently diagnosed with a diaphragmatic hernia that was surgically repaired.

22             Drs. Cordova, Molander and Kelsey have been deposed and their testimony

23   together with the medical records demonstrate that their care and treatment of Mr. Faron was

24   appropriate and within the standard of care.

25        C.    **Defendant St. Joseph Hospital's Statement of Facts**

26             From the perspective of this defendant, this case is now a garden variety medical

27   malpractice action as plaintiff's claims pursuant to California Business and Professions Code §

28   17200 and 17500, have been dismissed, with prejudice.  Further, although plaintiff has included a

1   purported claim for punitive damages as to this defendant, this too was dismissed by the

2   Humboldt County Superior Court and should not have been restated in the amended pleading

3   filed pursuant to stipulation between plaintiff and the United States.

4              Plaintiff presented on multiple occasions to Urgent Care and the Emergency Room

5   at St. Joseph Hospital of Eureka.  Virtually all of the Hospital personnel involved in plaintiff's

6   care have been deposed.  The testimony of these witnesses and the records of the various visits

7   demonstrate care within the standard of care, including appropriate discharge and follow-up

8   instructions to plaintiff.  Further, on each occasion, plaintiff signed a consent acknowledging that

9   the physicians (expressly designating, among others, emergency room physicians and

10  radiologists) are not employed by the Hospital, but rather act as the employee of the patient.  This

11  defendant does not mean to suggest in any fashion that the care provided by the physicians was

12  anything other than within the applicable standard of care, but rather to set forth that neither of

13  plaintiff's remaining theories against this defendant are viable.

14         **D.    Defendant St. Joseph Health System's Statement of Facts**

15             On October 2, 2007, Judge Harold E. Neville, Jr. of the California Superior Court

16  issued an order granting St. Joseph Health System's motion to bifurcate and stay all legal

17  proceedings against St. Joseph Health System "until such time as legal proceedings (including

18  through appeal) have concluded as to Plaintiff's claims against St. Joseph Health Systems St.

19  Joseph Hospital, Kevin Molander, M.D., John Kelsey, M.D., and Ronald Cordova, M.D."  That

20  order was the result of a fully briefed and argued motion by St. Joseph Health System based on

21  the vicarious nature of the claims against it, the likelihood that Plaintiff would be made whole by

22  his claims against the potentially primarily liable parties and the judicial efficiency of determining

23  the liability of the potentially primarily liable parties before litigating the factually and legally

24  distinct alter ego claims alleged against St. Joseph Health System.

25             28 U.S.C. §1450 provides, in relevant part, that "[a]ll injunctions, orders, and other

26  proceedings had in such action prior to its removal shall remain in full force and effect until

27  dissolved or modified by the district court."  Accordingly, the recent removal of this case to

28  federal court has no effect on the order bifurcating and staying the claims against St. Joseph

1   Health System.  St. Joseph Health System submits this case management statement without

2   waiving any of its arguments, objections or affirmative defenses based on prior proceedings.

3              On July 14, 2006, plaintiffs filed suit against the Physician Defendants, St. Joseph

4   Hospital, and St. Joseph Health System in San Francisco Superior Court.  Plaintiffs' complaint

5   included claims under California Business and Professions Code §17200, common law fraud,

6   California Business and Professions Code §17500, medical negligence, loss of consortium, and

7   negligent hiring and supervision.  Plaintiffs' complaint also included claims for punitive damages

8   against St. Joseph Hospital and St. Joseph Health System.  Plaintiff subsequently voluntarily

9   dismissed the claim for loss of consortium, the only claim by Nancy Faron, leaving Allen Faron

10  as the sole plaintiff in this litigation.

11             On July 30, 2007 the California Superior Court sustained St. Joseph Health

12  System's unopposed demurrer to plaintiff's claims under California Business and Professions

13  Code §17200, common law fraud and California Business and Professions Code §17500.  The

14  Superior Court also granted St. Joseph Health System's unopposed motion to strike all punitive

15  damages allegations made against St. Joseph Health System.

16             As a result of these proceedings, the Plaintiff's only remaining claims are for

17  medical negligence and negligent hiring and supervision.  Importantly, none of the acts or

18  omissions alleged to create liability were carried out by St. Joseph Health System or any of its

19  employees.  Rather, St. Joseph Health System is alleged to be the alter ego of St. Joseph Hospital

20  and therefore liable for St. Joseph Hospital's acts and omissions.

21          **E.    Defendant United States of America's Statement of Facts**

22             On July 14, 2006, plaintiffs sued the United States and the other defendants in San

23  Francisco Superior Court.  The United States removed this complaint on October 26, 2006.  On

24  November 28, 2006, plaintiffs voluntarily dismissed the United States because they had not filed

25  an administrative claim.  The non-federal parties stipulated to the remand of this action back to

26  Humboldt Superior Court.

27             The United States did not participate in any of the discovery done in the state court

28  action because it was not a named party.

1    On October 22, 2007, plaintiffs once again named the United States as a Doe

2    Defendant in the state court action. The United States once again removed the case on November

3    5, 2007.

4    **III.    LEGAL ISSUES**

5        **A.    Plaintiffs' Statement of Disputed Points of Law**

6    Plaintiff contends that Defendant St. Joseph Health System's negligence caused or

7    contributed to Allen Faron's injuries and damages, and thus Plaintiff intends to seek

8    reconsideration of the Humboldt County Superior Court's prior order bifurcating and staying the

9    action as to St. Joseph Health System.

10        **B.    Physician Defendants' Statement of Disputed Points of Law**

11    Drs. Cordova, Molander and Kelsey contend that plaintiff will not be able to show

12    any negligence on their part. Furthermore, the physician defendants contend that no negligent act

13    or omission on their part caused Mr. Faron's claimed damages.

14        **C.    Defendant St. Joseph Hospital's Statement of Disputed Points of Law**

15    To the extent that plaintiff's claim is based upon a purported agency relationship

16    between defendant St. Joseph Hospital of Eureka and the defendant physicians, this claim is not

17    viable as plaintiff signed multiple consent forms acknowledging the independent contractor

18    relationship between the physicians and the hospital and all physicians have testified that there is

19    no employment/agency relationship.

20        **D.    Defendant St. Joseph Health System's Statement of Disputed Points of Law**

21    Plaintiff's two remaining causes of action against St. Joseph Health System are

22    based upon the alleged acts and omissions of St. Joseph Hospital. St. Joseph Health System's

23    purported liability is vicarious in nature and based entirely on plaintiff's alter ego allegations. St.

24    Joseph Health System contends that Plaintiff will not be able to show that St. Joseph Health

25    System is the alter ego of St. Joseph Hospital. St. Joseph Health System further contends that

26    plaintiff will not be able to show that any negligence on the part of St. Joseph Hospital caused

27    plaintiff's injuries.

28    St. Joseph Health System further contends that all legal proceedings against it,

1    including discovery, have been stayed pursuant to 28 U.S.C. §1450 and the October 2, 2007

2    Order of Judge Harold E. Neville, Jr. of the California Superior Court granting St. Joseph Health

3    System's motion to bifurcate and stay all legal proceedings against St. Joseph Health System

4    "until such time as legal proceedings (including through appeal) have concluded as to Plaintiff's

5    claims against St. Joseph Health Systems St. Joseph Hospital, Kevin Molander, M.D., John

6    Kelsey, M.D., and Ronald Cordova, M.D."  St. Joseph Health System further contends that there

7    are no grounds for the reconsideration of that order, which was fully briefed and argued before

8    the Superior Court.

9            St. Joseph Health System further contends that all punitive damages allegations in

10   the recently filed First Amended Civil Complaint for Damages should be stricken pursuant to 28

11   U.S.C. §1450 and the July 30, 2007 Order of the California Superior Court granting St. Joseph

12   Health System's unopposed motion to strike all punitive damages allegations made against St.

13   Joseph Health System.

14          **E.**    **Defendant United States of America's Statement of Disputed Points of Law**

15          The United States contends that plaintiffs will not be able to show that any

16   negligence on the part of its employee – Ellen Taylor, a physician's assistant – caused plaintiff

17   Allen Faron's substantial claimed damages.

18   **IV.    MOTIONS**

19          **A.**    **Prior and Pending Motions**

20          No motions have been heard, nor or any pending, before this Court at this time.

21          **B.**    **Anticipated Motions**

22          The United States does not anticipate filing any motions.

23          St. Joseph Health System does not anticipate filing any motions at this time

24   because the claims against it have been stayed and bifurcated pursuant to 28 U.S.C. §1450 and the

25   October 2, 2007 Order granting St. Joseph Health System's motion to bifurcate and stay all legal

26   proceedings against St. Joseph Health System.

27   **V.    AMENDMENT OF PLEADINGS**

28          Plaintiff does not at this time anticipate amending his First Amended Complaint.

VI.   **EVIDENCE PRESERVATION**

The parties have made all efforts to preserve all relevant evidence.

VII.   **DISCLOSURES**

The parties will exchange Rule 26 initial disclosures as set out below.

VIII.   **DISCOVERY**

Numerous depositions have been taken to date in this action, including the depositions of Allen Faron, Nancy Faron, Shawntel Fawcett, treating physicians Michael Palmer, M.D., Sue Rhee, M.D., Kerilyn Nobuhara, M.D., all three physician Defendants, nurses at St. Joseph Hospital, and one "person most knowledgeable" of Defendant St. Joseph Health System.

Because the United States did not have an opportunity to participate in any of these depositions, it is anticipated that the United States will want to depose plaintiffs and some of the other key percipient witnesses.

Written discovery has been propounded to and answered by all parties, except the United States of America.  Plaintiff and the physician Defendants wish to depose Ellen Taylor, P.A., an employee of Defendant United States of America.

St. Joseph Health System contends that all legal proceedings against it, including discovery, have been stayed pursuant to 28 U.S.C. §1450 and the October 2, 2007 Order of Judge Harold E. Neville, Jr. of the California Superior Court granting St. Joseph Health System's motion to bifurcate and stay all legal proceedings against St. Joseph Health System "until such time as legal proceedings (including through appeal) have concluded as to Plaintiff's claims against St. Joseph Health Systems St. Joseph Hospital, Kevin Molander, M.D., John Kelsey, M.D., and Ronald Cordova, M.D."  Accordingly, St. Joseph Health System is not required to and will not participate in further discovery until further order of the Court or the lifting of the stay.

The parties propose the following alternative schedules:

Plaintiffs request a trial date in August, 2008.

Defendants request a trial date in March, 2009.

A.   **Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1):**

The parties, with the exception of St. Joseph Health System, will exchange initial

1    disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than February 22, 2008.

2            St. Joseph Health System will not exchange initial disclosures because all legal

3    proceedings against it, including discovery, have been stayed pursuant to 28 U.S.C. §1450 and the

4    October 2, 2007 Order of Judge Harold E. Neville, Jr. of the California Superior Court granting

5    St. Joseph Health System's motion to bifurcate and stay all legal proceedings against St. Joseph

6    Health System "until such time as legal proceedings (including through appeal) have concluded

7    as to Plaintiff's claims against St. Joseph Health Systems St. Joseph Hospital, Kevin Molander,

8    M.D., John Kelsey, M.D., and Ronald Cordova, M.D."

9        **B.    Non-Expert Discovery Cut-Off:**

10            Plaintiffs propose April 30, 2008 for the non-expert factual discovery.

11            Defendants propose that non-expert discovery be completed no later than August

12    29, 2008.

13        **C.    Disclosure of Expert Witness Reports and Rebuttal Reports:**

14            Plaintiffs propose that expert reports be disclosed on May 15, 2008 and that

15    rebuttal reports be disclosed on May 31, 2008.

16            Defendants propose that expert reports be disclosed on September 12, 2008 and

17    that rebuttal reports be disclosed on October 3, 2008.

18        **D.    Expert Witness Discovery Cut-Off:**

19            Plaintiffs propose June 30, 2008 for the expert witness discovery cut-off.

20            Defendants proposed an expert discovery cut-off of October 31, 2008.

21        **E.    Proposed Changes in Limits on Discovery:**

22            **1.    Fed. R. Civ. P. 26(b):**

23            None.

24            **2.    Fed. R. Civ. P. 30(a)(2)(A):**

25            None.

26            **3.    Fed. R. Civ. P. 30(a)(2)(B):**

27            None.

28

1      **4.**      **Fed. R. Civ. P. 30(a)(2)(C):**

2      None.

3      **5.**      **Fed. R. Civ. P. 30(d)(2):**

4      None anticipated.

5      **6.**      **Fed. R. Civ. P. 33(a):**

6      None.

7      **F.**      **Timing/Sequencing/Phasing/Scheduling of Discovery:**

8      The parties do not propose any timing, sequencing, phasing, or scheduling of

9  discovery other than what is set forth in the parties' discovery plan.  As set out in the plan, the

10  parties request a simultaneous disclosure of expert witnesses and reports, with a later

11  simultaneous exchange of rebuttal reports so as to give the parties an equal opportunity to address

12  each other's expert opinions.

13  **IX.      CLASS ACTIONS**

14      N/A.

15  **X.      RELATED CASES**

16      There is a related case pending in state court in Arizona:  *Allen Faron and Nancy*

17  *Faron v. James Mick, M.D., et al.*, Case No. CV 2007-1055, pending in the Superior Court of the

18  State of Arizona, County of Yavapai.  Trial is set in that case for September 30, 2008.  The case is

19  related insofar as it involves the same injuries and damages suffered by Allen Faron due to

20  failures to diagnose his congenital diaphragmatic hernia.  No motion to consolidate or transfer

21  these cases has been filed.

22      Defendants believe that the resolution of the Arizona case will have a significant

23  impact on the potential resolution of this case.  Accordingly, defendants believe that a later trial

24  date would facilitate resolution of this case.

25  **XI.      RELIEF**

26      **A.**      **On Behalf of Plaintiff Allen Faron:**

27      1.      For medical and incidental expenses according to proof;

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. CGC-07-5602 SBA (RELATED TO C 06-06662 SBA)

2.    For other special damages, including but not limited to future medical expenses and lost wages, according to proof;

3.    For general damages and emotional distress damages;

4.    For prejudgment interest on the award for damages rendered in favor of plaintiffs, calculated from the time the cause of action arose, or as provided in the California Civil Code; and

5.    For punitive and exemplary damages, at to Defendant St. Joseph Health System only.

6.    Attorneys' fees and costs.

**B.    On Behalf of Defendant St. Joseph Health System:**

On July 30, 2007, the California Superior Court granted St. Joseph Health System's unopposed motion to strike all punitive damages allegations made against St. Joseph Health System.  Pursuant to 28 U.S.C. §1450 that order remains in effect and all punitive damages allegations in Plaintiff's recently filed First Amended Civil Complaint for Damages should be stricken.

**XII.    SETTLEMENT AND ADR**

A mediation in January, 2007 with the Hon. Rebecca Westerfield, JAMS mediator, did not resolve the litigation.  Plaintiff is willing to return to a further mediation, and Plaintiff believes that after the completion of the deposition of Ellen Taylor, P.A., that the discovery necessary to position the parties to negotiate a resolution will have been completed.

Defendants, other than St. Joseph Health System, are amenable to a further mediation once significant discovery has been completed.  Defendants propose that private mediation occur first and then a settlement conference with a magistrate judge a month prior to the pre-trial conference.

**XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

A declination to proceed before a magistrate was previously filed in this case by one or more Defendants.  Additionally, Plaintiff declines to proceed before a magistrate.

**XIV.  OTHER REFERENCES**

The case is not suitable for reference to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.  NARROWING OF ISSUES**

Plaintiff is open to suggestions by the Court or other parties for any ways to narrow the issues or expedite the presentation of evidence at trial.

**XVI.  EXPEDITED SCHEDULE**

See Section 20 below.  Since Plaintiff is in very poor health and has a shortened life expectancy resulting from the injuries at issue in this case, Plaintiff respectfully requests that all pre-trial scheduling and the trial date be expedited.

Defendants have not received any medical reports suggesting that plaintiff's health would justify an expedited schedule.  In fact, one of plaintiff's treating physicians has testified to the likelihood of return of bowel function with a procedure to be undertaken when plaintiff makes better lifestyle choices (i.e. plaintiff ceases tobacco and alcohol abuse).   Because the United States has only recently been served with the First Amended Complaint on January 16, 2008, defendants respectfully request adequate time to defend this action and conduct meaningful discovery.

**XVII.  SCHEDULING**

See Section 8, above.

**XVIII. TRIAL**

The case will be tried to a jury as to all Defendants other than Defendants United States of America and St. Joseph Health System (the claims against St. Joseph Health System have been bifurcated and stayed, as noted above).  The Federal Tort Claim causes of action against Defendant United States of America will be tried to the Court.  Plaintiff estimates that the trial will be 14 court days.

**XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff is not aware of the existence of any non-party interested entities or persons.

## XX. OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

Plaintiff Allen Faron remains crippled and very ill and is in extremely precarious health due to the severe and permanent injuries he suffered as a result of the alleged conduct by the Defendants. Because Allen faces a risk of premature death due to these injuries, he respectfully requests that this case be set for trial on the earliest possible date, and that he be granted preference in trial setting due to the nature of his debilitating and life-threatening injuries.

Defendants have not received any medical reports or seen any medical records demonstrating that Mr. Faron's health requires an expediting of the discovery and trial dates. With the United States only having been served with the First Amended Complaint on January 16, 2008, basic fairness dictates that the trial and discovery deadlines be set to allow a meaningful evaluation of the claims of this case. Moreover, with the pending Arizona action set for trial in September, 2008, resolution of this case would be facilitated by a trial date later than September, 2008.

Dated: February 25, 2008          Respectfully submitted,

By: _____ */s/ Kent L. Klaudt*
                          Kent L. Klaudt

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

*Attorneys for Plaintiff Allen Faron*

Dated: February 25, 2008          By: _____ */s/*
                          Andrew Y.S. Cheng

UNITED STATES ATTORNEY'S OFFICE
Northern District of California
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

*Attorneys for Defendant United States of America*

1    Dated: February 25, 2008          By:_____/s/_____
                                          Jason K. Sonoda
2
                                       PAUL, HASTINGS, JANOFSKY & WALKER LLP
3                                      JOHN P. PHILLIPS
                                       JASON K. SONODA
4                                      55 Second Street
                                       Twenty-Fourth Floor
5                                      San Francisco, CA  94105-3441

6                                      *Attorneys for Defendant St. Joseph Health System*

7    Dated: February 25, 2008          By:_____/s/_____
                                          Nancy K. Delaney
8
                                       MITCHELL, BRISSO, DELANEY & VRIEZE
9                                      NANCY K. DELANEY
                                       814 Seventh Street
10                                     P.O. Drawer 1008
                                       Eureka, CA  95502
11
                                       *Attorney for St. Joseph's Hospital*
12
     Dated: February 25, 2008          By:_____/s/_____
13                                        Joseph E. Finkel

14                                     GALLOWAY, LUCCHESE, EVERSON & PICCHI, APC
                                       G. PATRICK GALLOWAY
15                                     JOSEPH E. FINKEL
                                       1676 No. California Blvd., Suite 500
16                                     Walnut Creek, CA  94596-4183

17                                     *Attorney for Defendants Ronald Cordova, Kevin Molander,
                                       and John Kelsey*
18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. CGC-07-5602 SBA (RELATED TO C 06-06662 SBA)