# EXHIBIT I

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    JOHN P. PHILLIPS (State Bar No. 154412)
2   JASON K. SONODA (State Bar No. 248105)
    55 Second Street
3   Twenty-Fourth Floor
    San Francisco, CA 94105-3441
4   Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
5
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
6   PETER M. STONE (State Bar No. 157994)
    695 Town Center Drive, Suite 1700
7   Costa Mesa, CA 92626
    Telephone: (714) 668-6200
8   Facsimile: (714) 979-1921
9   Attorneys for Defendant
    St. Joseph Health System
10

**FILED**

APR 1 1 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

**RECEIVED**

APR 1 3 2007

PAUL, HASTINGS, JANOFSKY
& WALKER LLP

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                            COUNTY OF HUMBOLDT

13

14   ALLEN FARON,                          CASE NO. DR070032

15              Plaintiff,                 **MEMORANDUM OF POINTS AND
                                           AUTHORITIES IN SUPPORT OF
16        vs.                              DEFENDANT ST. JOSEPH HEALTH
                                           SYSTEM'S DEMURRER TO PLAINTIFF'S
17   ST. JOSEPH HOSPITAL; ST. JOSEPH       FIRST AMENDED COMPLAINT**
     HEALTH SYSTEM; KEVIN
18   MOLANDER, M.D.; JOHN KELSEY,
     M.D.; RONALD CORDOVA, M.D.; and       Date: May 14, 2007
19   DOES 1 through 50, inclusive,         Time: 8:45 a.m.
                                           Dept: 4
20              Defendants.                Date Complaint Filed: July 14, 2006
                                           1st Amended Complaint Filed: July 31, 2006
21                                         Trial: TBD

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   SUMMARY .................................................................................................... 1

II.  SUMMARY OF COMPLAINT ...................................................................... 2

    A.   Allegations Concerning the Plaintiff's Medical Condition ...................... 2

    B.   The Few Allegations Against the Health System ..................................... 2

III. THE COURT SHOULD DISMISS THE FIRST AND SECOND CAUSES OF ACTION .................................................................................................... 3

    A.   Plaintiff's UCL Claim Should be Dismissed Because He Lacks Standing and Has Failed to Allege That the Health System Engaged in Any Unlawful, Unfair or Fraudulent Conduct.................................................. 3

        1.   Plaintiff's UCL Claim Should be Dismissed Because he Lacks Standing Under Section 17204 ................................................ 3

        2.   Plaintiff's UCL Claim Must be Dismissed Because He Does Not Plead That the Health System's Conduct Is Unlawful, Unfair or Fraudulent ........................................................................... 5

           a.   Plaintiff Does Not Properly Plead "Unfairness".................... 5

           b.   Plaintiff Does Not Properly Plead "Unlawfulness"............... 6

           c.   Plaintiff Does Not Properly Plead "Fraud"........................... 7

               (1)   The Alleged Misrepresentations Are Mere Puffery.............. 7

               (2)   The Health System Had No Duty To Disclose Independent Contractor Status.............................................. 8

    B.   Plaintiff's FAL Claim Should be Dismissed As Plaintiff Lacks Standing and As He has Failed to Allege An Actionable Misrepresentation or Omission ............................................................................................... 8

        1.   Plaintiff Lacks Standing Under Bus. & Prof. Code Section 17535 ............. 8

        2.   Plaintiff Has Not Alleged An Actionable Misrepresentation or Omission ................................................................................ 9

    C.   Plaintiff's Common Law Fraud Claim Should be Dismissed Because it Fails to State a Cause of Action and is Not Pled With Sufficient Particularity................................................................................................ 9

        1.   Plaintiff's Allegations Fail to Plead a Prima Facie Claim of Common Law Fraud ............................................................ 9

        2.   Plaintiff's Fraud Claim is Not Pled With Sufficient Particularity ........... 10

IV. CONCLUSION.............................................................................................. 11

1

## TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4

*Award Metals, Inc. v. Super. Ct.*,
    228 Cal. App. 3d 1128 (1991) .................................................................... 3

5

*Bardin v. Daimlerchrysler Corp.*,
    136 Cal. App. 4th 1255 (2006) ................................................................... 8

6

7

*Branick v. Downey Savingss and Loan Association*,
    39 Cal. 4th 235 (2006) ............................................................................... 4

8

*Californians for Disability Rights v. Mervyn's, LLC*,
    39 Cal. 4th 223 (2006) ............................................................................ 4, 8

9

10

*Cel-Tech Comm'ns, Inc. v. L.A. Cellular Telegraph*,
    20 Cal. 4th 163 (1999) ............................................................................ 5, 6

11

*Churchill Village, L.L.C. v. G.E. Co.*,
    169 F. Supp. 2d 1119 (N.D. Cal. 2000) ..................................................... 5

12

13

*Committee on Children's Television, Inc. v. General Foods Corp.*,
    35 Cal. 3d 197 (1983) .............................................................................. 10

14

*Community Assisting Recovery, Inc. v. Aegis Sec. Insurance Co.*,
    92 Cal. App. 4th 886 (2001) ...................................................................... 6

15

16

*Complete Serv. Bureau v. San Diego Medical Social*,
    43 Cal. 2d 201 (1954) ................................................................................ 6

17

*Conrad v. Medical Board of Cal.*,
    48 Cal. App. 4th 1038 (1996) .................................................................... 6

18

19

*Consumer Advocates v. Echostar Satellite Corp.*,
    113 Cal. App. 4th 1351 (2003) ............................................................... 7, 9

20

*Corley v. Rosewood Care Center, Inc. of Peoria*,
    388 F.3d 990 (7th Cir. 2004) ..................................................................... 7

21

22

*Daugherty v. American Honda Motor Co., Inc.*,
    144 Cal. App. 4th 824 (2006) .................................................................... 8

23

*Doe v. Texaco, Inc.*,
    2006 WL 2053504 (N.D. Cal. July 21, 2006) ............................................ 4

24

25

*Gregory v. Albertson's Inc.*,
    104 Cal. App. 4th 845 (2002) .................................................................... 5

26

*Haskell v. Time, Inc.*,
    857 F. Supp. 1392 (E.D. Cal. 1994) .......................................................... 7

27

28

## TABLE OF AUTHORITIES
(continued)

Page

*Laster v. T-Mobile USA, Inc.*,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ............................................................3, 4

*Murphy v. BDO Seidman, LLP*,
    113 Cal. App. 4th 687 (2003) ......................................................................11

*Neu-Visions Sports, Inc. v. Soren*,
    86 Cal. App. 4th 303 (2000) ......................................................................10

*People ex rel. Sepulveda v. Highland Federal Savings & Loan*,
    14 Cal. App. 4th 1692 (1993) ....................................................................10

*People ex rel. State Board of Medical Examiners v. Pacific Health Corp.*,
    12 Cal. 2d 156 (1938) ..............................................................................6

*Pulvers v. Kaiser Foundation Health Plan*,
    99 Cal. App. 3d 560 (1979) ........................................................................7

*Schnall v. Hertz Corp.*,
    78 Cal. App. 4th 1144 (2000) ......................................................................5

*Small v. Fritz Cos., Inc.*,
    30 Cal. 4th 167 (2003) ..............................................................................9

*Stansfield v. Starkey*,
    220 Cal. App. 3d 59 (1990) ....................................................................10, 11

*In re Vaccine Cases*,
    134 Cal. App. 4th 438 (2005) ......................................................................6

*Williams v. Gerber Products Co.*,
    439 F. Supp. 2d 1112 (S.D. Cal. 2006) ........................................................8

*Zelig v. County of Los Angeles*,
    27 Cal. 4th 1112 (2002) ............................................................................3

## STATUTES

Cal. Bus. Prof. & Code § 2400 ......................................................................6

Cal. Bus. & Prof. Code § 17200 ....................................................................1

Cal. Bus. & Prof. Code § 17204 ....................................................................3

Cal. Bus. & Prof Code §17535 ....................................................................3, 9

Cal. Civ. Proc. Code § 430.10 ......................................................................3

1

## I.

2

## SUMMARY

3        This matter should have been pled as a simple medical malpractice action against

4   the treating physicians who allegedly misdiagnosed a severe hernia. Instead, Plaintiff

5   overreaches and asserts causes of action under California Business & Professions Code Section

6   17200, et seq. (the unfair competition law or "UCL"), Section 17500, et seq. (the false advertising

7   law or "FAL") and for common law fraud. He makes these claims both against St. Joseph

8   Hospital, the hospital at which he presented (the "Hospital"), and its parent corporation, moving

9   party St. Joseph Health System (the "Health System"). But the Health System is merely a non-

10  profit entity that has only one tangential connection to this case – it is the corporate member of

11  the non-profit Hospital.

12        Plaintiff's UCL and FAL claims are ostensibly based on alleged

13  misrepresentations concerning the quality of medical care available at the Hospital and the failure

14  to disclose the independent contractor status of the physicians that work there. But Plaintiff does

15  not allege any facts to show that he even saw much less *relied on* any alleged misrepresentations

16  and omissions by the Health System such that they *caused* his injuries. Facts showing reliance

17  and causation are required for Plaintiff to have standing to sue under the UCL and FAL. His

18  claims are therefore barred as a matter of law. And, even if Plaintiff had standing, his claims

19  would still fail because:

20        • the alleged misrepresentations concerning the quality of care available at the

21          Hospital are mere puffery;

22        • the Health System was under no duty to disclose the independent contractor status

23          of the doctors at the Hospital, which status is *required by California law*; and,

24        • Plaintiff's allegations do not satisfy the heightened pleading requirements for

25          fraud.

26        Plaintiff's first and second causes of action, under the UCL, FAL and common law

27  fraud, should be dismissed.

28

Case No. DR070032

MPA ISO ST. JOSEPH HEALTH SYSTEM'S DEMURRER TO FIRST AMENDED COMPLAINT

## II.

## SUMMARY OF COMPLAINT

### A.    Allegations Concerning the Plaintiff's Medical Condition

According to the First Amended Complaint ("Complaint"), Plaintiff Allen Faron, then 19 years old, presented several times at the Hospital emergency room with abdominal pain. (Compl. ¶ 21.) Plaintiff alleges that the defendant doctors and Hospital in this action "inexcusably failed to x-ray or adequately radiologically evaluate or test, diagnose and repair Allen Faron's hernia and obstructions until it was too late" despite the fact that "[t]he need for radiological evaluation of abdominal complaints is a basic and longstanding tenet of medicine." (Id. at ¶ 22.)  As a result, according to Plaintiff, by January 19, 2006, his last visit to the emergency room, his undiagnosed hernia progressed to a critical point and he collapsed in the Hospital emergency room, requiring resuscitation, intubation and emergency surgery. (Id. at ¶ 23.) Plaintiff contends that the emergency and subsequent required surgeries has permanently compromised his intestinal health and has caused him to be hospitalized for more than 110 days at a cost in excess of $2.7 million. (Id.)

### B.    The Few Allegations Against the Health System

While the Complaint abounds with legal conclusions, the factual allegations related to the Health System are quite limited.  Indeed, the allegations related to the Health System are more notable for what they do not say than for what they do say.  According to the Complaint, it was the Drs. Molander, Cordova and Kelsey that failed to properly diagnose and treat Plaintiff. (Compl. ¶¶ 21-28, 66.) Nowhere in the discussion of Plaintiff's visits to the Hospital does the Complaint mention involvement by the Health System in his treatment.  Nor does the Complaint set forth any connection between the alleged activities of the Health System and Plaintiff's injuries.

Rather, Plaintiff's factual allegations concerning the Health System are limited to (a) the contention that the Health System "employ[s] independent contractor physicians providing compromised medical care" that is not adequately disclosed and which amounts to a "fraudulent

1   corporate structure intended only to evade liability" and (b) the contention that the Health System

2   engages in false advertising that misleads the public with respect to the employment status of the

3   physicians at the Hospital and the quality of care available there. (*Id.* at ¶¶ 42-51.)[1]

4                                                  III.

5   ## THE COURT SHOULD DISMISS THE FIRST AND SECOND CAUSES OF ACTION

6           Demurrer is proper when a complaint fails to state facts sufficient to constitute a

7   cause of action or when a complaint is uncertain, meaning it is ambiguous and unintelligible. Cal.

8   Civ. Proc. Code § 430. 10(e)-(f). While all properly pleaded material facts are treated as true, a

9   court considering a demurrer does not assume the truth of contentions, deductions, or conclusions

10  of law alleged in the pleading. *See Zelig v. County of Los Angeles*, 27 Cal. 4th 1112, 1126

11  (2002). "A demurer may be sustained without leave to amend where . . . under the applicable

12  substantive law it is plain that there can be no liability." *Award Metals, Inc. v. Super. Ct.*, 228

13  Cal. App. 3d 1128, 1131-32 (1991) (citation omitted). Under these well-settled standards,

14  Plaintiff's first and second causes of action, under the UCL, FAL and common fraud, should be

15  dismissed.

16      A.    **Plaintiff's UCL Claim Should be Dismissed Because He Lacks Standing and**
17             **Has Failed to Allege That the Health System Engaged in Any Unlawful,**
                **Unfair or Fraudulent Conduct**

18          1.    **Plaintiff's UCL Claim Should be Dismissed Because he Lacks**
19                 **Standing Under Section 17204**

20          As amended by Proposition 64, private plaintiffs have standing to sue under the

21  UCL and FAL only if they have "suffered injury in fact" and "lost money or property <u>as a result</u>

22  <u>of</u> the alleged statutory violations." Cal. Bus. & Prof Code §§ 17204, 17535 (emphasis added).

23  In *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005), the court dismissed

24  claims against several cellular telephone companies, alleging that they falsely advertised that

25  cellular telephones were "free" when in fact plaintiffs were required to pay sales tax on the full

26  _____

27  [1] Plaintiff also asserts medical negligence and negligent hiring and supervision claims based on
     pure legal conclusions that (a) the Health System itself provided allegedly negligent medical care
28  to the Plaintiff and (b) hired and supervised the physicians that provided his care.

1    retail value, because "none of the named Plaintiffs allege that they saw, read, or in any way relied

2    on the advertisements; nor do they allege that they entered into transactions *as a result* of those

3    advertisements." *Id.* at 1194 (emphasis in original). Accordingly, "under §§ 17204 and 17535,

4    Plaintiffs lack[ed] standing to bring their UCL and FAL claims." *Id.*

5           Consistent with *Laster* and the plain text of Proposition 64's amendments to

6    §§ 17204 and 17535, California courts have repeatedly held that in order to assert a valid cause of

7    action under the UCL and FAL, a plaintiff must allege that he suffered an injury in fact as a result

8    of a fraudulent business practice or false advertising. *See Branick v. Downey Savs. and Loan

9    Ass'n*, 39 Cal. 4th 235, 240 (2006) ("After Proposition 64, only those private persons 'who [have]

10   suffered injury in fact and [have] lost money or property' (§§ 17204, 17535) may sue to enforce

11   the unfair competition and false advertising laws"); *Californians for Disability Rights v.

12   Mervyn's, LLC*, 39 Cal. 4th 223, 229 (2006) (Proposition 64's standing requirements applied

13   retroactively to bar suit by a party that did not suffer an injury as a result of the alleged business

14   practice).

15          Here, Plaintiff alleges that the Health System engages in untrue and misleading

16   advertising in violation of the UCL and FAL. (Compl. ¶ 44.) Accordingly, in order to plead a

17   sufficient cause of action, Plaintiff must allege that he went to the Hospital *in reliance* on the

18   advertisements and representations and his injuries were *caused by* those advertisements and

19   representations. But the Complaint fails to allege these critical facts and is therefore deficient as a

20   matter of law.

21          A similar case is *Doe v. Texaco, Inc.*, 2006 WL 2053504 (N.D. Cal. July 21,

22   2006). There, Chevron allegedly polluted a river in Ecuador causing numerous residents to incur

23   cancer. Plaintiffs brought a UCL claim against Chevron alleging that it made false statements

24   about the environmental and health risks in Ecuador. *Id.* at *1-*2. The District court held that the

25   plaintiffs must allege that the false statements caused the cancer and that their cancer caused them

26   to lose money. *Id.* at *3-*4. Plaintiffs were also required to allege that that they *relied on*

27   defendant's acts of unfair competition and, as a result, suffered injury in fact. *Id.* Because such

28   "a contention would be patently absurd and appears nowhere in the complaint" the Court

1   determined that the plaintiffs had failed to state a cause of action under the UCL. *Id.*

2          Here, Plaintiff does not allege any *facts*[2] showing that he relied on the

3   advertisements or that they caused his injuries. Accordingly, Plaintiff's UCL and FAL claims

4   should be dismissed for lack of standing.

5          **2.   Plaintiff's UCL Claim Must be Dismissed Because He Does Not Plead That the Health System's Conduct Is Unlawful, Unfair or Fraudulent**

6

7                 **a.   Plaintiff Does Not Properly Plead "Unfairness"**

8          In *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, the

9   California Supreme Court held that "to promote consumer protection, we must require that any

10  finding of unfairness to competitors under section 17200 be tethered to some legislatively

11  declared policy or proof of some actual or threatened impact on competition." 20 Cal. 4th 163,

12  186-87 (1999). The Court acknowledged that "[a]lthough the unfair competition law's scope is

13  sweeping, it is not unlimited. Courts may not simply impose their own notion of the day as to

14  what is fair or unfair." *Id.* at 182. While *Cel-Tech* is an anti-trust case, California courts have

15  applied the *Cel-Tech* standard to consumer cases. *See, e.g., Churchill Village, L.L.C. v. G.E. Co.*,

16  169 F. Supp. 2d 1119, 1130 n. 10 (N.D. Cal. 2000) (explaining that, "Although the California

17  Supreme Court declined to extend its holding to consumer actions, the lack of distinction between

18  competitor and consumer in the language of the UCL renders this definition equally valid in the

19  consumer context"); *Gregory v. Albertson's Inc.*, 104 Cal. App. 4th 845, 853 (2002) (where a

20  claim of an unfair act or practice is predicated on public policy, the public policy must be tethered

21  to a specific constitutional, statutory or regulatory provision); *Schnall v. Hertz Corp.*, 78 Cal.

22  App. 4th 1144, 1167 (2000) (applying Cel-Tech's holding to UCL consumer actions).

23         Here, Plaintiff alleges that the Health System's advertisements constitute unfair

24  business practices and that the Health System "committed unfair business practices and common

25  law fraud because they have fraudulently and secretly set themselves up as shell fraud companies

---

26  [2] Plaintiff makes a conclusory allegation that, "St. Joseph defendants' use of independent contract

27  physicians results in substandard quality and continuity of care and caused or substantially contributed to plaintiffs' injuries." (Compl. ¶ 43.) But this conclusory allegation fails to include

28  any facts concerning reliance or causation.

1   that employ independent contractor physicians providing compromised medical care." (Compl. ¶¶

2   42-44.) But Plaintiff does not reference any legislative or public policy to justify why general

3   statements regarding the Hospital's facilities and the type of services provided constitute unfair

4   practices under the UCL.

5        Nor could he. The independent contractor status of the doctors (the precise

6   conduct that Plaintiff claims to be unfair) is actually mandated by California law. *See, e.g.,* Cal.

7   Bus. Prof. Code § 2400 (prohibiting lay individuals, organizations, and corporations from

8   practicing medicine); *Conrad v. Med. Bd. of Cal.*, 48 Cal. App. 4th 1038, 1042-49 (1996)

9   (holding that local hospital districts could not employ physicians and could only contract with

10  them as independent contractors in accordance with the Medical Practice Act's corporate practice

11  doctrine); *Complete Serv. Bureau v. San Diego Med. Soc.*, 43 Cal. 2d 201, 210 (1954) (holding

12  that a non-profit corporation may not interfere with the medical practice of the associated

13  physician); *People ex rel. State Bd. of Med. Examiners v. Pacific Health Corp.*, 12 Cal. 2d 156,

14  158 (1938) ("It is an established doctrine that a corporation may not engage in the practice of

15  such professions as...medicine") (citation omitted). Accordingly, Plaintiff cannot state a cause of

16  action under the "unfair" prong of the UCL.

17       b.    **Plaintiff Does Not Properly Plead "Unlawfulness"**

18       The UCL permits causes of action to be brought if a practice violates some other

19  law. *Cel-Tech Comm'ns, Inc. v. L.A. Cellular Tel.*, 20 Cal. 4th 163, 180 (1999) ("By proscribing

20  'any unlawful' business practice, 'section 17200 borrows violation of other laws and treats them

21  as unlawful practices. . . .'" (citation omitted)). In the First Cause of Action, Plaintiff alleges in

22  conclusory fashion that the Health System's practices are unlawful. (Compl. ¶ 48). However,

23  Plaintiff cites to no statute, regulation or ordinance to fulfill the unlawful prong. Thus, Plaintiff

24  has not stated a claim for "unlawful" business practice. *See, e.g., In re Vaccine Cases*, 134 Cal.

25  App. 4th 438, 459 (2005) (sustaining demurrer because no statutory violation remained to support

26  the unlawful business act); *Community Assisting Recovery, Inc. v. Aegis Sec. Ins. Co.*, 92 Cal.

27  App. 4th 886, 892-94 (2001) (same).

28

c.    **Plaintiff Does Not Properly Plead "Fraud"**

(1)    **The Alleged Misrepresentations Are Mere Puffery**

Statements concerning quality, value and similar such immeasurable characteristics have long been held by California courts to be unactionable puffery that cannot form the basis of a claim under the UCL. *See Haskell v. Time, Inc.,* 857 F. Supp. 1392, 1399 (E.D. Cal. 1994) ("Advertising that amounts to 'mere' puffery is not actionable because no reasonable consumer relies on puffery. The distinguishing characteristics of puffery are vague, highly subjective claims as opposed to specific, detailed factual assertions."). *Consumer Advocates v. Echostar Satellite Corp.,* 113 Cal. App. 4th 1351 (2003) is particularly instructive here. In *Echostar*, plaintiffs brought claims under the California Consumer Legal Remedies Act, the FAL and UCL, based upon allegedly misleading statements in a satellite television service provider's brochure that it provided "crystal clear" video, "CD-quality" audio, an on-screen program guide, and 50 channels. *Id.* at 1353. The Court found that while the representations concerning the number of channels and the program guide were actionable under the UCL and FAL, the representations concerning "crystal clear" video and "CD-quality" audio were not. *Id.* at 1361. The Court reasoned that, "'Crystal clear' and 'CD quality' are not factual representations that a given standard is met. Instead they are boasts, all-but-meaningless superlatives...which no reasonable consumer would take as anything more weighty than an advertising slogan." *Id.*

Here, Plaintiff claims that the Health System represents that it provides a "continuum of care," is "Dedicated to Your Good Health," and otherwise states that it "provides excellence in medical care including emergency care." (Compl. ¶ 44(b) – (f).) These allegations are not factual representations that a given standard is met. Rather, they are unactionable puffery. *See Pulvers v. Kaiser Found. Health Plan,* 99 Cal. App. 3d 560, 565 (1979) (representation that HMO would provide "high standards" of medical care was puffing and did not constitute warranty); *Corley v. Rosewood Care Center, Inc. of Peoria,* 388 F.3d 990, 1008 (7th Cir. 2004) (holding that the phrase "high quality," in reference to the amount of care to residents of a nursing

1    home, "comes under the category of sales puffery upon which no reasonable person could rely in

2    making a decision. . . .").

3                        (2)        **The Health System Had No Duty To Disclose**
                                    **Independent Contractor Status**

4

5            Plaintiff also contends that the Health System engaged in unfair competition by

6    failing to disclose that the doctors that work at the Hospital are independent contractors of the

7    Hospital rather than direct employees.  (Compl. ¶ 45.)  But the failure to disclose a fact is only

8    actionable under the UCL if there is some duty to disclose it.  *Daugherty v. American Honda*

9    *Motor Co., Inc.*, 144 Cal. App. 4th 824, 838 (2006) ("We cannot agree that a failure to disclose a

10   fact one has no affirmative duty to disclose is 'likely to deceive' anyone within the meaning of

11   the UCL.");  *Williams v. Gerber Prods.* Co., 439 F. Supp. 2d 1112, 1116 (S.D. Cal. 2006)

12   (dismissing "fraudulent" omission claim under the UCL where no reasonable consumer was

13   likely to be deceived by the alleged omission).

14           Here, Plaintiff cannot assert that the Health System was under any duty to disclose

15   the employment relationship between the doctors and the Hospital.  Nor has he alleged any facts

16   showing that the public is likely to be deceived by such nondisclosure.  *Bardin v. Daimlerchrysler*

17   *Corp.*, 136 Cal. App. 4th 1255, 1274-75 (2006) (conclusory allegation that public was likely to be

18   misled by nondisclosure insufficient to state a claim under the fraudulent prong of the UCL).

19   Indeed, as discussed above, the independent contractor relationship that Plaintiff objects to is

20   mandated by law.  *See* Section III.A. 2 (a), *supra*.

21       B.     **Plaintiff's FAL Claim Should be Dismissed As Plaintiff Lacks Standing and**
                **As He Has Failed to Allege An Actionable Misrepresentation or Omission**

22
             1.     **Plaintiff Lacks Standing Under Bus. & Prof. Code Section 17535**
23

24           The standing requirements discussed above with respect to claims under the UCL

25   apply with equal force to Plaintiff's claims under the FAL.  *See Californians for Disability Rights*

26   *v. Mervyn's, LLC*, 39 Cal. 4th 223, 229 n.2 (2006) ("Proposition 64 also makes identical changes

27   to the false advertising law (§ 17500 et seq.) concerning standing to sue and the use of

28   penalties."); Cal. Bus. & Prof Code §17535. Accordingly, for the same reasons discussed above

Case No. DR070032                                    -8-

1  with respect to Plaintiff's UCL claim, Plaintiff has not and cannot establish that he relied on the

2  Health System's alleged false advertising or that the Health System's alleged false advertising led

3  to his injuries. *See* Section III.A.1, *supra.* Plaintiff therefore lacks standing under Section 17535

4  and his FAL claim must be dismissed.

5        **2.    Plaintiff Has Not Alleged An Actionable Misrepresentation or Omission**

6

7        Plaintiff's FAL claim is based on the same alleged misrepresentations concerning

8  the quality of care available at the Hospital as his UCL claim. (*See* Compl. ¶¶ 50-56 (alleging, in

9  conclusory fashion, that the Health System engages in "advertising programs designed to create

10  the image, impression and belief by consumers, patients and plaintiffs that they supplied standard

11  of care complaint medical, emergency and acute care.").) For the reasons already discussed with

12  respect to the "fraudulent" prong of Plaintiff's UCL claim, the misrepresentations alleged in the

13  Complaint are mere unactionable puffery and the non-disclosure of facts that need not be

14  disclosed. *See* Section III.A.2 (c) (1), *supra.* They are therefore insufficient to support a claim

15  under the FAL. Accordingly, Plaintiff's claim under the FAL should be dismissed. *See Echostar*,

16  113 Cal. App. 4th at 1361 (unactionable representations insufficient under the FAL).

17    C.    **Plaintiff's Common Law Fraud Claim Should be Dismissed Because it Fails to State a Cause of Action and is Not Pled With Sufficient Particularity**

18

19        **1.    Plaintiff's Allegations Fail to Plead a Prima Facie Claim of Common Law Fraud**

20        The deficiencies in Plaintiff's Complaint do not end with his UCL and FAL

21  claims. To plead a *prima facie* case of common law fraud, a plaintiff must allege (a) a

22  misrepresentation of fact (false representation, concealment, or nondisclosure); (b) knowledge of

23  falsity (or "scienter"); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e)

24  resulting damage. *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003) (citation omitted). As

25  discussed above, however, Plaintiff fails to plead a cause of action for common law fraud because

26  the Complaint does not allege facts showing reliance or causation, and does not allege a

27  misrepresentation of fact, but rather unactionable puffery and the non-disclosure of facts that need

28

1  not be disclosed. *See* Section III.A.2 (c), *supra*; *see also Neu-Visions Sports, Inc. v. Soren*, 86

2  Cal. App. 4th 303, 308 (2000) ("The law is quite clear that expressions of opinion are…not

3  grounds for a misrepresentation cause of action."); *People ex rel. Sepulveda v. Highland Fed.*

4  *Savs. & Loan*, 14 Cal. App. 4th 1692, 1719 (1993) (no fraud cause of action for nondisclosure of

5  facts for which there is no duty to disclose).

6          **2.    Plaintiff's Fraud Claim is Not Plead With Sufficient Particularity**

7         In addition to the legal requirements discussed above, fraud actions are also

8  subject to strict requirements of particularity in pleading. "Every element of the cause of action

9  for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged

10  with sufficient specificity to allow defendant to understand fully the nature of the charge made."

11  *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990) (citation omitted). The purpose of the

12  specificity requirement in fraud actions is two-fold. First, "fraud involve[s] a serious attack on

13  character, and fairness to the defendant demands that he should receive the fullest possible details

14  of the charge in order to prepare his defense." *Id.* at 72. Second, the specificity requirement also

15  aids the Court in its role as gatekeeper:

16           The pleading of fraud . . . should be sufficiently specific that the

17          court can weed out nonmeritorious actions on the basis of the
           pleadings. Thus the pleading should be sufficient "to enable the

18          court to determine whether, on the facts pleaded, there is any
           foundation, prima facie at least, for the charge of fraud."

19  *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 216 (1983)

20  (superseded by statute on other grounds) (*quoting Scafidi v. Western Loan and Bldg. Co.*, 72 Cal.

21  App. 2d 550, 553 (1946)).

22         Because of these well-established requirements, Plaintiff must satisfy two critical

23  requirements when pleading a cause of action for fraud. First, *specific facts* constituting the fraud

24  must be alleged. *Committee on Children's Television, Inc.*, 35 Cal. 3d at 216. General pleading

25  of the legal conclusion of "fraud" is insufficient. *Id.* Second, every element of the cause of

26  action for fraud must be alleged "in the proper manner (*i.e.*, factually and specifically)." *Id.* In

27  order to satisfy the particularity requirement, Plaintiffs alleging fraud must plead *facts* which

28

1   "show how, when, where, to whom, and by what means the representations were tendered."

2   *Murphy v. BDO Seidman, LLP*, 113 Cal. App. 4th 687, 692 (2003) (emphasis in original).

3         Here, Plaintiff fails to satisfy this elementary pleading requirement. Plaintiff does

4   not allege *when, where* or *by what means* the Health System allegedly made *any*

5   misrepresentation. In addition, for many of the alleged "representations," Plaintiff fails to detail

6   *to whom, where* or *how* those representations were allegedly made. For example, in paragraph

7   44(f) of the Complaint, Plaintiff alleges that the Health System "affirmatively holds itself out to

8   the community as a medical provider" and then quotes an extensive paragraph. However,

9   Plaintiff fails to identify the source of the quoted text, much less when, where, how and to whom

10   it was relayed. Because of this complete lack of particularity, the Health System's demurrer to

11   Plaintiff's common law fraud claim should be sustained. *See Stansfield v. Starkey*, 220 Cal. App.

12   3d 59, 73 (1990).

13                      **IV.**

14                 **CONCLUSION**

15         For all of the reasons set forth above, St. Joseph Health System respectfully

16   requests that this Court sustain its demurrer to Plaintiff's first and second causes of action.

17

18   DATED: April 11, 2007         PAUL, HASTINGS, JANOFSKY & WALKER LLP

19                            JOHN P. PHILLIPS
                              JASON K. SONODA

20

21                           PAUL, HASTINGS, JANOFSKY & WALKER LLP
                              PETER M. STONE

22

23         By:_____

24                           JASON K. SONODA

                         Attorneys for Defendant

25                        ST. JOSEPH HEALTH SYSTEM

26

27   LEGAL_US_W # 55964126.6

28

# EXHIBIT J

1  Fabrice N. Vincent (State Bar No. 160780)
   Kent L. Klaudt (State Bar No. 183903)
2  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   Embarcadero Center West
3  275 Battery Street, 30th Floor
   San Francisco, CA  94111-3339
4  Telephone: (415) 956-1000
   Facsimile:  (415) 956-1008
5
   Attorneys for Plaintiff Allen Faron
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF HUMBOLDT - UNLIMITED JURISDICTION

10

11  ALLEN FARON,                        Case No. DR070032 (former San Francisco
                                        Superior Case Number CGC-06-454199)
12              Plaintiff,
                                        PLAINTIFF'S NOTICE OF NON-
13        v.                            OPPOSITION TO DEFENDANT ST.
                                        JOSEPH HEALTH SYSTEM'S
14  ST. JOSEPH HOSPITAL; ST. JOSEPH     DEMURRER AND MOTION TO STRIKE
    HEALTH SYSTEM; KEVIN
15  MOLANDER, M.D.; JOHN KELSEY,        Date:    May 30, 2007
    M.D.; RONALD CORDOVA, M.D.; and     Time:    8:45 a.m.
16  DOES 1 through 50, inclusive,       Ctrm:    4

17              Defendants.
                                        Judge:  Hon. J. Michael Brown, Dept. 4
18

19

20

21

22

23

24

25

26

27

28
    625507.1

1    Comes now Plaintiff ALLEN FARON ("Plaintiff") and respectfully submits this Notice of

2  Non-Opposition to Defendant ST. JOSEPH HEALTH SYSTEM'S Demurrer to Plaintiff's First

3  and Second causes of action in his First Amended Complaint, and Motion to Strike claim of

4  punitive damages.

5    While Plaintiff does not necessarily adopt, stipulate to, or agree to any of the allegations,

6  contentions or argument presented in Defendant's Demurrer or Motion to Strike, Plaintiff will not

7  oppose the Demurrer or Motion to Strike.

8

9

10  Dated: May 15, 2007         LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

11

12                  By: _____
                              Kent L. Klaudt
13

14                  Fabrice N. Vincent (State Bar No. 160780)
                    Kent L. Klaudt (State Bar No. 183903)
15                  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                    Embarcadero Center West
16                  275 Battery Street, 30th Floor
                    San Francisco, CA 94111-3339
17                  Telephone: (415) 956-1000
                    Facsimile: (415) 956-1008
18
                    Attorneys for Plaintiff Allen Faron
19

20

21

22

23

24

25

26

27

28

625507.1
PLAINTIFF'S NOTICE OF NON-OPPOSITION TO DEFENDANT ST. JOSEPH HEALTH SYSTEM'S
DEMURRER AND MOTION TO STRIKE

# EXHIBIT K

# CERTIFICATE OF LIABILITY INSURANCE

| | Issue Date: 07/04/05 |
|---|---|

| | |
|---|---|
| MANAGER: Willis Management (Bermuda) Limited<br>58 Par-la-Ville Road<br>P.O. Box 1995<br>Hamilton HM HX, Bermuda | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

**INSURED:**

St. Joseph Hospital/ Eureka

2700 Dolbeer Street

Eureka, CA 95501-4799

### COMPANIES AFFORDING COVERAGE

| | | |
|---|---|---|
| Company Letter | A | American Unity Group, Ltd. |
| Company Letter | B | |
| Company Letter | C | |
| Company Letter | D | |

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY**<br>☒ COMPREHENSIVE FORM | UNI-CGL-05-01-021<br>(1-14601-00-05) | 06/30/05 | 06/30/06 | BODILY INJURY OCC | $ |
| | | | | | BODILY INJURY AGG. | $ |
| | ☐ PREMISES/OPERATIONS | | | | PROPERTY DAMAGE OCC | $ |
| | ☐ UNDERGROUD EXPLOSION & COLLAPSE HAZARD | | | | PROPERTY DAMAGE AGG | $ |
| | ☐ PRODUCTS/COMPLETED OPER | | | | BI & PD COMBINED OCC | $ 5,000,000 |
| | ☐ CONTRACTUAL | | | | BI & PD COMBINED AGG | $ Nil |
| | ☐ INDEPENDENT CONTRACTORS | | | | PERSONAL INJURY AGG | $ 5,000,000 |
| | ☐ BROAD FORM PROPERTY DAMAGE | | | | | |
| A | ☒ PERSONAL INJURY | | | | | |
| | **AUTOMOBILE LIABILITY** | | | | BODILY INJURY (per person) | $ |
| | ☐ ANY AUTO | | | | BODILY INJURY (per accident) | $ |
| | ☐ ALL OWNED AUTOS (private pass) | | | | | |
| | ☐ ALL OWNED AUTOS (Other than Private Passenger) | | | | PROPERTY DAMAGE | $ |
| | ☐ HIRED AUTOS | | | | BODILY INJURY & PROPERTY DAMAGE COMBINED | $ |
| | ☐ NON-OWNED AUTOS | | | | | |
| | ☐ GARAGE LIABILITY | | | | EACH OCCURRENCE | $ 5,000,000 |
| | **EXCESS LIABILITY** | | | | AGGREGATE | $ 25,000,000 |
| A | ☒ UMBRELLA FORM<br>☐ OTHER THAN UMBRELLA FORM | UNI-UMB-05-01-018<br>(1-14602-00-05) | 06/30/05 | 06/30/06 | | |
| | **WORKERS COMPENSATION AND EMPLOYER'S LIABILITY** | | | | WC STATUTORY LIMITS | OTHER |
| | | | | | EL EACH ACCIDENT | $ |
| | THE PROPRIETORS/ INCL  ☐<br>PARTNERS/EXECUTIVE  ☐<br>EXCL<br>OFFICERS ARE | | | | EL DISEASE - POLICY LIMIT | $ |
| | | | | | EL DISEASE - EACH EMPLOYEE | $ |
| A | **Other**<br>Hospital Professional | UNI-CGL-05-01-021<br>(1-14601-00-05) | 06/30/05 | 06/30/06 | $5,000,000 per occurrence | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE |

-18-05

**Confidential Pursuant to Protective Order**

# EXHIBIT L

1 | G. PATRICK GALLOWAY, ESQ. (State Bar No. 49442)
2 | JOSEPH E. FINKEL, ESQ. (State Bar No. 167397)
| GALLOWAY, LUCCHESE, EVERSON & PICCHI
| A Professional Corporation
3 | 1676 North California Blvd., Suite 500
| Walnut Creek, CA 94596-4183
4 | Tel. No. (925) 930-9090
| Fax No. (925) 930-9035
5 | E-mail: jfinkel@glattys.com

RECEIVED

JUN 21 2007

PAUL, HASTINGS, JANOFSKY
& WALKER LLP

6 | Attorneys for Defendants
| KEVIN MOLANDER, M.D., RONALD CORDOVA, M.D. and JOHN KELSEY, M.D.

7

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF HUMBOLDT

10

11 | ALLEN FARON AND NANCY FARON,    Case No.  DR070032

12 |          Plaintiffs,

13 |     vs.    **AMENDED ANSWERS TO FORM**
| **INTERROGATORIES**

14 | ST. JOSEPH HOSPITAL; ST. JOSEPH
| HEALTH SYSTEM; EUREKA COMMUNITY
15 | HEALTH CENTER; KEVIN MOLANDER, M.D.;
| JOHN KELSEY, M.D.; RONALD CORDOVA,
16 | M.D.; and DOES 1 THROUGH 50, inclusive,

17 | _____    Defendants. _____

18 | PROPOUNDING PARTY:    Plaintiff Allen Faron

19 | RESPONDING PARTY:    Defendant Kevin Molander, M.D.

20 | SET NUMBER:    ONE

21 |      Defendant Kevin Molander, M.D. hereby amends his answers and/or objects to the

22 | within Form Interrogatories by plaintiff.  The following amended answers and/or objections are

23 | submitted as of this date and without prejudice to subsequent production at trial, or

24 | subsequently discovered information.

25 | **Response to Form Interrogatory No. 1.1:**

26 |      Joseph E. Finkel, Esq., of Galloway, Lucchese, Everson & Picchi, 1676 North California

27 | Boulevard, Suite 500, Walnut Creek, California 94596; telephone:  (925) 930-9090; attorneys

28 | of record.

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

1

DR070032: AMENDED ANSWERS TO FORM INTERROGATORIES – KEVIN MOLANDER, M.D.    200-7842/JEF/327998.doc

1  **Response to Form Interrogatory No. 2.13:**

2      This interrogatory is objected to on the grounds that it is overbroad, vague and

3  ambiguous as to the term "incident." This interrogatory is further objected to by counsel on the

4  grounds that, as phrased, it requires this responding defendant to speculate as to any

5  substance that other persons involved in the "incident" may have taken.

6      Without waiving said objections, defendant responds as follows: No as to defendant.

7  Unknown as to others. Discovery is continuing.

8  **Response to Form Interrogatory No. 3.1:**

9      Not applicable.

10 **Response to Form Interrogatory No. 3.2:**

11     Not applicable.

12 **Response to Form Interrogatory No. 3.3:**

13     Not applicable.

14 **Response to Form Interrogatory No. 3.4:**

15     Not applicable.

16 **Response to Form Interrogatory No. 3.5:**

17     Not applicable.

18 **Response to Form Interrogatory No. 3.6:**

19     Not applicable.

20 **Response to Form Interrogatory No. 3.7:**

21     Not applicable.

22 **Response to Form Interrogatory No. 4.1:**

23     Yes.

24     (a)     Physician Professional Liability Insurance.

25     (b)     Health Providers Insurance Reciprocal, RRG, 1443 Danville Blvd., Alamo, CA

26  94507-1973.

27     (c)     Kevin Molander, M.D. Defendant can be reached through his attorneys

28  of record.

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

4

DR070032: AMENDED ANSWERS TO FORM INTERROGATORIES – KEVIN MOLANDER, M.D.                200-7842/JEF/327998.doc

1    (d)   Policy Number: NCOAST-06-043.

2    (e)   $1 million **per claim for damages**/$3 million **for all claims per policy period.**

3    (f)   No known reservation of rights.

4    (g)   BETA Heathcare Group, 1443 Danville Blvd., Alamo, CA 94507-1973.

5  **Response to Form Interrogatory No. 4.2:**

6    No.

7  **Response to Interrogatory No. 12.1:**

8    The names of persons who witnessed the "incident" or events occurring immediately

9  before or after the "incident" are stated in the medical records which are equally available to

10 plaintiff.   Additional witnesses not in the medical records are better known to plaintiff and his

11 family than to me.    Defendant refers plaintiff to his own deposition testimony and that of his

12 mother, Nancy Faron.  **This defendant is unaware of any other witnesses than those**

13 **identified in the medical records.**

14 **Response to Form Interrogatory No. 12.2:**

15    This interrogatory is objected to on the grounds that it is overbroad, vague and

16 ambiguous as to the term "incident." This interrogatory is further objected to by counsel on the

17 grounds that it calls for the disclosure of information protected from discovery by the attorney

18 client/attorney work product privileges, as well as Evidence Code §1157.  This interrogatory is

19 further objected to by counsel on the grounds that it calls for the disclosure of irrelevant expert

20 opinions of a non-disclosed expert witness.  County of Los Angeles v. Martinez (1990) 224

21 Cal.App.3d 1446.  Finally, this interrogatory is objected to because the response is protected as

22 attorney work product.  Nacht and Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4[th]

23 214, 217.

24 **Response to Form Interrogatory No. 12.3:**

25    This interrogatory is objected to on the grounds that it is overbroad, vague and

26 ambiguous as to the term "incident."  This interrogatory is further objected to by counsel on the

27 grounds that it calls for the disclosure of information protected from discovery by the attorney

28 client/attorney work product privileges, as well as Evidence Code §1157.   Finally, this

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

5

DR070032: AMENDED ANSWERS TO FORM INTERROGATORIES – KEVIN MOLANDER, M.D.        200-7842/JEF/327998.doc

1    (d)    Not applicable.

2    3.    (a)    **Request for Admission No. 5**

3    (b)    Defendant did have computer access to certain medical records relating

4    to Allen Faron's prior visits on August 30, 2005.

5    (c)    Defendant Kevin Molander, M.D.

6    (d)    Not applicable.

7    4.    (a)    **Request for Admission No. 7**

8    (b)    Defendant did have computer access to certain medical records relating

9    to Allen Faron's prior visits on January 15, 2006.

10    (c)    Defendant Kevin Molander, M.D.

11    (d)    Not applicable.

12    5.    (a)    **Request for Admission No. 9**

13    (b)    All this defendant knew was that Mr. Faron said he had a "diaphragm

14    problem;" however, Mr. Faron could not elaborate on this statement.

15    (c)    Defendant Kevin Molander, M.D. and Allen Faron.

16    (d)    St. Joseph Hospital Urgent Care record of August 30, 2005.

17    6.    (a)    **Request for Admission No. 10**

18    (b)    On January 15, 2006, this defendant neither recalled Allen Faron or his

19    prior visit of August 30, 2005 nor Mr. Faron's previous statement regarding a "diaphragm

20    problem." Mr. Faron did not mention his "diaphragm problem" on this visit of January 15,

21    2006.

22    (c)    Defendant Kevin Molander, M.D. and Allen Faron.

23    (d)    St. Joseph Hospital Urgent Care record of January 15, 2006.

24    Dated: June 12, 2007

25    GALLOWAY, LUCCHESE, EVERSON & PICCHI

26    By: _____

27    JOSEPH E. FINKEL, ESQ.
     Attorneys for Defendants

28    Kevin Molander, M.D., Ronald Cordova, M.D. and John Kelsey, M.D.

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

13

DR070032: AMENDED ANSWERS TO FORM INTERROGATORIES – KEVIN MOLANDER, M.D.    200-7842/JEF/327998.doc

# EXHIBIT M

1  G. PATRICK GALLOWAY, ESQ. (State Bar No. 49442)
   JOSEPH E. FINKEL, ESQ. (State Bar No. 167397)
2  GALLOWAY, LUCCHESE, EVERSON & PICCHI
   A Professional Corporation
3  1676 North California Blvd., Suite 500
   Walnut Creek, CA 94596-4183
4  Tel. No. (925) 930-9090
   Fax No. (925) 930-9035
5  E-mail: jfinkel@glattys.com

RECEIVED

JUN 21 2007

PAUL, HASTINGS, JANOFSKY
& WALKER LLP

6  Attorneys for Defendants
   KEVIN MOLANDER, M.D., RONALD CORDOVA, M.D. and JOHN KELSEY, M.D.
7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF HUMBOLDT

10

11  ALLEN FARON AND NANCY FARON,          Case No.   DR070032

12          Plaintiffs,

13      vs.                              **AMENDED ANSWERS TO FORM
                                         INTERROGATORIES**
14  ST. JOSEPH HOSPITAL; ST. JOSEPH
    HEALTH SYSTEM; EUREKA COMMUNITY
15  HEALTH CENTER; KEVIN MOLANDER, M.D.;
    JOHN KELSEY, M.D.; RONALD CORDOVA,
16  M.D.; and DOES 1 THROUGH 50, inclusive,

17          Defendants.

18  PROPOUNDING PARTY:    Plaintiff Allen Faron

19  RESPONDING PARTY:     Defendant John Kelsey, M.D.

20  SET NUMBER:           ONE

21          Defendant John Kelsey, M.D. (hereinafter "Dr. Kelsey") hereby amends his answers

22  and/or objects to the within Form Interrogatories by plaintiff.  The following amended answers

23  and/or objections are submitted as of this date and without prejudice to subsequent production

24  at trial, or subsequently discovered information.

25  **Response to Form Interrogatory No. 1.1:**

26          Joseph E. Finkel, Esq., of Galloway, Lucchese, Everson & Picchi, 1676 North California

27  Boulevard, Suite 500, Walnut Creek, California 94596; telephone:   (925) 930-9090; attorneys

28  of record.

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

1

**Response to Form Interrogatory No. 4.1:**

Yes.

    (a)    Physician Professional Liability Insurance.

    (b)    Health Providers Insurance Reciprocal, RRG, 1443 Danville Blvd., Alamo, CA 94507-1973.

    (c)    John Kelsey, M.D.  Defendant can be reached through my attorneys of record.

    (d)    Policy Number:. NCOAST-06-043.

    (e)    $1 million **per claim for damages/$3 million for all claims per policy period.**

    (f)    No known reservation of rights.

    (g)    BETA Heathcare Group, 1443 Danville Blvd., Alamo, CA 94507-1973.

**Response to Form Interrogatory No. 4.2:**

No.

**Response to Interrogatory No. 12.1:**

The names of persons who witnessed the "incident" or events occurring immediately before or after the "incident" are stated in the medical records which are equally available to plaintiff.  Additional witnesses not in the medical records are better known to plaintiff and his family than to me.  Defendant refers plaintiff to his own deposition testimony and that of his mother, Nancy Faron.  **This defendant is unaware of any other witnesses than those identified in the medical records.**

**Response to Form Interrogatory No. 12.2:**

This interrogatory is objected to on the grounds that it is overbroad, vague and ambiguous as to the term "incident."  This interrogatory is further objected to by counsel on the grounds that it calls for the disclosure of information protected from discovery by the attorney client/attorney work product privileges, as well as Evidence Code §1157.  This interrogatory is further objected to by counsel on the grounds that it calls for the disclosure of irrelevant expert opinions of a non-disclosed expert witness.  County of Los Angeles v. Martinez (1990) 224 Cal.App.3d 1446.  Finally, this interrogatory is objected to because the response is protected as

//

4

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

**Response to Form Interrogatory No. 17.1:**

1.    (a)    **Request for Admission No. 2**

        (b)    Defendant reviewed some prior medical records concerning the patient on the St. Joseph Hospital computer system.

        (c)    Defendant John Kelsey, M.D.

        (d)    Not applicable.

2.    (a)    **Request for Admission No. 3**

        (b)    Defendant did have access to computer records on the St. Joseph Hospital computer system.

        (c)    Defendant John Kelsey, M.D. and others working at St. Joseph Hospital.

        (d)    Not applicable.

3.    (a)    **Request for Admission No. 5**

        (b)    Defendant did not have that knowledge on January 17, 2006.

        (c)    Defendant John Kelsey, M.D.

        (d)    Defendant's emergency room report of January 17, 2006.

Dated:  June 12, 2007

GALLOWAY, LUCCHESE, EVERSON & PICCHI

By: _____
JOSEPH E. FINKEL, ESQ.
Attorneys for Defendants
Kevin Molander, M.D., Ronald Cordova,
M.D. and John Kelsey, M.D.

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

12

# EXHIBIT N



1 | G. PATRICK GALLOWAY, ESQ. (State Bar No. 49442)
JOSEPH E. FINKEL, ESQ. (State Bar No. 167397)
2 | GALLOWAY, LUCCHESE, EVERSON & PICCHI
A Professional Corporation
3 | 1676 North California Blvd., Suite 500
Walnut Creek, CA 94596-4183
4 | Tel. No. (925) 930-9090
Fax No. (925) 930-9035
5 | E-mail: jfinkel@glattys.com

6 | Attorneys for Defendants
KEVIN MOLANDER, M.D., RONALD CORDOVA, M.D. and JOHN KELSEY, M.D.

7

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF HUMBOLDT

10

11 | ALLEN FARON AND NANCY FARON,    Case No.   DR070032

12 | Plaintiffs,

13 | vs.    **AMENDED ANSWERS TO FORM INTERROGATORIES**

14 | ST. JOSEPH HOSPITAL; ST. JOSEPH
HEALTH SYSTEM; EUREKA COMMUNITY
15 | HEALTH CENTER; KEVIN MOLANDER, M.D.;
JOHN KELSEY, M.D.; RONALD CORDOVA,
16 | M.D.; and DOES 1 THROUGH 50, inclusive,

17 | Defendants.

18 | PROPOUNDING PARTY:    Plaintiff Allen Faron

19 | RESPONDING PARTY:    Defendant Ronald Cordova, M.D.

20 | SET NUMBER:    ONE

21 | Defendant Ronald Cordova, M.D. hereby amends his answers and/or objects to the

22 | within Form Interrogatories by plaintiff.  The following amended answers and/or objections are

23 | submitted as of this date and without prejudice to subsequent production at trial, or

24 | subsequently discovered information.

25 | **Response to Form Interrogatory No. 1.1:**

26 | Joseph E. Finkel, Esq., of Galloway, Lucchese, Everson & Picchi, 1676 North California

27 | Boulevard, Suite 500, Walnut Creek, California 94596; telephone:   (925) 930-9090; attorneys

28 | of record.

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

1

DR070032: AMENDED ANSWERS TO FORM INTERROGATORIES – RONALD CORDOVA, M.D.    200-7842/JEF/327999.doc

1  **Response to Form Interrogatory No. 3.7:**

2      Not applicable.

3  **Response to Form Interrogatory No. 4.1:**

4      Yes.

5      (a)    Physician Professional Liability Insurance.

6      (b)    Health Providers Insurance Reciprocal, RRG, 1443 Danville Blvd., Alamo, CA

7  94507-1973.

8      (c)    Ronald Cordova, M.D.    Defendant can be reached through his attorneys

9  of record.

10     (d)    Policy Number: NCOAST-06-043.

11     (e)    $1 million **per claim for damages/$3 million for all claims per policy period.**

12     (f)    No known reservation of rights.

13     (g)    BETA Heathcare Group, 1443 Danville Blvd., Alamo, CA 94507-1973.

14  **Response to Form Interrogatory No. 4.2:**

15     No.

16  **Response to Interrogatory No. 12.1:**

17     The names of persons who witnessed the "incident" or events occurring immediately

18  before or after the "incident" are stated in the medical records which are equally available to

19  plaintiff.   Additional witnesses not in the medical records are better known to plaintiff and his

20  family than to me.   Defendant refers plaintiff to his own deposition testimony and that of his

21  mother, Nancy Faron.   **This defendant is unaware of any other witnesses than those**

22  **identified in the medical records.**

23  **Response to Form Interrogatory No. 12.2:**

24     This interrogatory is objected to on the grounds that it is overbroad, vague and

25  ambiguous as to the term "incident." This interrogatory is further objected to by counsel on the

26  grounds that it calls for the disclosure of information protected from discovery by the attorney

27  client/attorney work product privileges, as well as Evidence Code §1157. This interrogatory is

28  further objected to by counsel on the grounds that it calls for the disclosure of irrelevant expert

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

DR070032: AMENDED ANSWERS TO FORM INTERROGATORIES – RONALD CORDOVA, M.D.    200-7842/JEF/327999.doc

1    **<u>Response to Form Interrogatory No. 16.10:</u>**

2    No.

3    **<u>Response to Form Interrogatory No. 17.1:</u>**

4    1.    (a)    **Request for Admission No. 3**

5    (b)    Access to notes on the hospital computer system regarding earlier visits

6    was available.

7    (c)    This information is known by defendant and others working at

8    the hospital.

9    (d)    Unknown by this defendant.

10    2.    (a)    **Request for Admission No. 5**

11    (b)    This defendant did not know this history and the patient never informed

12    defendant of any "diaphragm problem."

13    (c)    Defendant and Allen Faron.

14    (d)    Not applicable.

15    Dated:  June 12, 2007

16    GALLOWAY, LUCCHESE, EVERSON & PICCHI

17

18    By: _____

19    JOSEPH E. FINKEL, ESQ.
      Attorneys for Defendants

20    Kevin Molander, M.D., Ronald Cordova, M.D. and John Kelsey, M.D.

21

22

23

24

25

26

27

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

12

DR070032:  AMENDED ANSWERS TO FORM INTERROGATORIES – RONALD CORDOVA, M.D.

200-7842/JEF/327999.doc

# EXHIBIT O

Fabrice N. Vincent (State Bar No. 160780)
Kent L. Klaudt (State Bar No. 183903)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Plaintiff Allen Faron

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF HUMBOLDT - UNLIMITED JURISDICTION

| | |
|---|---|
| ALLEN FARON,<br><br>        Plaintiff,<br><br>    v.<br><br>ST. JOSEPH HOSPITAL; ST. JOSEPH HEALTH SYSTEM; KEVIN MOLANDER, M.D.; JOHN KELSEY, M.D.; RONALD CORDOVA, M.D.; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. DR070032 (former San Francisco Superior Case Number CGC-06-454199)<br><br>**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO DEFENDANT ST. JOSEPH HEALTH SYSTEM, SET ONE [C.C.P. § 2031]**<br><br>Judge: Hon. J. Michael Brown, Dept. 4 |

PROPOUNDING PARTY:    Plaintiff ALLEN FARON

RESPONDING PARTY:    Defendant ST. JOSEPH HEALTH SYSTEM

SET NUMBER:    One

## INSTRUCTIONS

1.    Pursuant to California Code of Civil Procedure § 2031, Plaintiff ALLEN FARON requests that Defendant ST. JOSEPH HEALTH SYSTEM produce for inspection and copying all of the DOCUMENTS described in this Request for Production of Documents ("Requests") no later than thirty (30) days from the date of service hereof.

- 1 -

2.    Throughout these Requests, including the definition of terms, the words used in the masculine gender include the feminine, and the words used in the singular include the plural.  Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."  Wherever the word "including" appears, the meaning intended is "including, but not limited to."

3.    Unless otherwise identified in a particular demand, the time period for these Discovery Requests shall be the RELEVANT TIME PERIOD.

## DEFINITIONS

In answering these Requests, please note that the following capitalized terms are intended to have the following meanings in addition to the plain language of the Request:

4.    "ALL" means "every" and includes "each" and "any," and vice versa.

5.    "CONTINUITY OF CARE" means the coordination of care received by a patient over time and across multiple health-care providers or physicians, including the transmittal of pertinent information from one health-care provider to the next.

6.    "DOCUMENT(S)" shall be construed in the broadest possible sense, and means, without limitation, ALL written or graphic matter, however produced or reproduced, of every kind and description, in YOUR actual or constructive possession, custody, care or control, including, without limitation, ALL writings, dictations, drawings, graphs, charts, photographs, blueprints, sketches, sound tapes or recordings, video tapes or recordings, papers, books, accounts, letters, microfilm, magnetic tape, laser discs, magnetic discs, magnetic strips, optical recognition characters, punched paper tapes, microfiche, punched cards, telegrams, wires, cables, invoices, statements, account recommendations, notes, minutes, purchase orders, memoranda including inter-corporate, intra-corporate, interoffice, and intra-office memoranda, reports, studies, contracts, agreements, correspondence, ledgers, books of account, vouchers, bank checks, manifests, charge slips, expense account reports, hotel charges, receipts, working papers, drafts, maps, surveys, statistical records, cost sheets, stenographer notebooks, calendars, appointment books, diaries, time sheets or logs, computer printouts, computer files, electronic mail, electronic

612427.1
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ST. JOSEPH HEALTH SYSTEM [C.C.P. § 2031]

web sites, extra nets, computer discs, computer or other data compilations from which information can be obtained or translated through detection devices into reasonably usable form, or ANY other tangible thing that constitutes or contains matters within the scope of the term "writing" as defined by California Evidence Code § 250. If a DOCUMENT has been prepared in several copies which are not identical, or if the original identical copies are no longer identical by reason of subsequent notation or other modification of ANY kind whatsoever, including but not limited to notations on the backs of pages thereto, each non-identical copy is a separate DOCUMENT.

       7.    "EMPLOYEE(S)" means any employee, independent contractor, agent, volunteer, officer, executive, or manager, whether part-time or full-time.

       8.    "ER GROUP" means any entity, agency, corporation, partnership, or other business association that contracts with hospitals to provide the services of emergency room physicians to hospitals.

       9.    "HOSPITAL" means Defendant St. Joseph Hospital and all subparts, departments, and components thereof, including but not limited to both Urgent Care and the Emergency Room or Emergency Department.

       10.    "INTAKE DUTIES" means any involvement whatsoever, in any capacity whatsoever, with filling out, recording, or assisting patients with, facilitating, or procuring any information related to a patient's name, address, medical history, insurance information, symptoms, complaints, or any triage duties, whatsoever.

       11.    "MEDICAL PROFESSIONAL" means any doctor, physician, physician's assistant, nurse, nurse practitioner, radiologist, lab technician, aid, resident or medical student.

       12.    "NOTES" means any medical notes or medical records, whether handwritten, typed, graphical or containing symbols, including but not limited to medical records, intake notes, admission records, triage records, prescription information, documentation of vital signs, or any other DOCUMENTS related to the care and treatment of a patient.

1        13.   "OCTAGON" means Octagon Risk Management, a business association or

2 organization or entity located in Oakland, CA.

3        14.   "PERSON" means an individual, partnership, proprietorship, corporation,

4 limited liability company, nonprofit corporation, municipal corporation, local, state, federal or

5 foreign government or governmental agency, political subdivision, trust, estate, association, or

6 other group or entity, however organized.

7        15.   "PHYSICIAN DEFENDANTS" means Ronald Cordova, M.D., John

8 Kelsey, M.D., and Kevin Molander, M.D.

9        16.   "PROCEEDING" means any investigation or official inquiry by any

10 federal, state or local governmental agency, or any federal, state or local governmental official(s),

11 that is currently pending, closed, or anticipated by YOU RELATING TO the care and treatment

12 of Plaintiff Allen Faron, or any litigation other than this civil action where the care and treatment

13 or Plaintiff Allen Faron is in issue that is currently pending, closed, or anticipated by YOU in any

14 federal, state or local court, tribunal, or administrative proceeding.

15        17.   "PROTOCOL(S)" means any rules, guidelines, protocols, policies,

16 procedures, or instructions.

17        18.   "RELATING TO" or "RELATED TO" mean, in addition to their

18 customary and usual meanings: addressing, discussing, pertaining, concerning, reflecting,

19 constituting, supporting, evidencing, stating, showing, analyzing, summarizing, recording and/or

20 memorializing.

21        19.   "RELEVANT TIME PERIOD" means the period of time from May 23,

22 2005 to January 19, 2006.

23        20.   "TREATMENT" means all care and treatment, including but not limited to

24 drugs (with dosages, routes and duration of administration), IV fluids, surgery, physiotherapy,

25 prosthesis, bandages and any other therapeutic agents or measures, whatsoever, which you

26 ordered or prescribed for Allen Faron from the time you first undertook Allen Faron's case until

27 the time when your professional relationship with Allen Faron terminated.

28
- 4 -

1    21.    "YOU," "YOUR," "DEFENDANT" refer to you and your attorneys, and

2    ALL other PERSONS acting or purporting to act at YOUR behest or on YOUR behalf.

3    22.    "WORK" means any work, as an employee, independent contractor, agent,

4    volunteer, officer, executive, or manager, whether part-time or full-time.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST No. 1:**

All DOCUMENTS containing, reflecting, or referring to the terms of Kevin Molander, M.D.'s WORK at the HOSPITAL.

**REQUEST No. 2:**

All DOCUMENTS containing, reflecting, or referring to the terms of John Kelsey, M.D.'s WORK at the HOSPITAL.

**REQUEST No. 3:**

All DOCUMENTS containing, reflecting, or referring to the terms of Ronald Cordova, M.D.'s WORK at the HOSPITAL.

**REQUEST No. 4:**

All DOCUMENTS containing, reflecting, or referring to any contract between any ER GROUP and the HOSPITAL for the provision of Urgent Care or Emergency Department physicians to the HOSPITAL.

**REQUEST No. 5:**

The medical staff bylaws of the HOSPITAL.

**REQUEST No. 6:**

The credential file of Kevin Molander, M.D. at the HOSPITAL.

**REQUEST No. 7:**

- 5 -

1    The credential file of John Kelsey, M.D. at the HOSPITAL.

2    **REQUEST No. 8:**

3    The credential file of Ronald Cordova, M.D. at the HOSPITAL.

4    **REQUEST No. 9:**

5    All DOCUMENTS containing, reflecting, or referring to any PROTOCOLS applicable to

6

7    the WORK of any of the PHYSICIAN DEFENDANTS at the HOSPITAL.

8    **REQUEST No. 10:**

9    All DOCUMENTS containing, reflecting, or referring to any PROTOCOLS related to

10    charting or other documentation of the care and TREATMENT of patients at the HOSPITAL.

11    **REQUEST No. 11:**

12    All DOCUMENTS containing, reflecting, or referring to any PROTOCOLS for making

13

14    NOTES pertaining to individual patients available to physicians working in the Urgent Care

15    department of the HOSPITAL.

16    **REQUEST No. 12:**

17    All DOCUMENTS containing, reflecting, or referring to any PROTOCOLS for making

18    NOTES pertaining to individual patients available to physicians working in the Emergency

19    Department of the HOSPITAL.

20

21    **REQUEST No. 13:**

22    All PROTOCOLS containing, reflecting, or referring to the WORK of physician assistants

23    or nurse practitioners in the Emergency Department of the HOSPITAL.

24    **REQUEST No. 14:**

25    All PROTOCOLS containing, reflecting, or referring to the WORK of physician assistants

26    or nurse practitioners in the Urgent Care department of the HOSPITAL.

27

28    **REQUEST No. 15:**

- 6 -

1    All PROTOCOLS containing, reflecting, or referring to record keeping related to patient

2    charts or NOTES.

3    **REQUEST No. 16:**

4    All PROTOCOLS containing, reflecting, or referring to the communications process

5    among MEDICAL PROFESSIONALS in the Emergency Department of the HOSPITAL.

6

7    **REQUEST No. 17:**

8    All PROTOCOLS containing, reflecting, or referring to the communications process

9    among MEDICAL PROFESSIONALS in the Urgent Care Department of the HOSPITAL.

10   **REQUEST No. 18:**

11   All PROTOCOLS containing, reflecting, or referring to any electronic, internet (or

12   intranet) access by MEDICAL PROFESSIONALS to patient charts or NOTES.

13

14   **REQUEST No. 19:**

15   All PROTOCOLS containing, reflecting, or referring to access by MEDICAL

16   PROFESSIONALS to paper copies of patient charts or NOTES.

17   **REQUEST No. 20:**

18   All PROTOCOLS containing, reflecting, or referring to quality assurance at the

19   HOSPITAL.

20

21   **REQUEST No. 21:**

22   All PROTOCOLS containing, reflecting, or referring to CONTINUITY OF CARE at the

23   HOSPITAL.

24   **REQUEST No. 22:**

25   Any and all DOCUMENTS containing, reflecting, or referring to any hearings held at any

26   time related to the care and treatment of Allen Faron, whether by the HOSPITAL, its medical

27

28

612427.1
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ST. JOSEPH HEALTH SYSTEM [C.C.P. § 2031]

staff, or any officer, physician, committee or agency of the hospital or any public body or other

person or persons.

**REQUEST No. 23:**

    All DOCUMENTS containing, reflecting, or referring to any PROCEEDING related to

the care and treatment of Allen Faron.

**REQUEST No. 24:**

    The blank or standard form used by all physicians who apply for staff privileges at the

HOSPITAL.

**REQUEST No. 25:**

    Any and all DOCUMENTS containing, reflecting, or referring to Allen Faron.

**REQUEST No. 26:**

    All DOCUMENTS containing, referring to, or reflecting the care and TREATMENT of

Allen Faron.

**REQUEST No. 27:**

    All DOCUMENTS containing, referring to, or reflecting any care and TREATMENT of

Allen Faron at the HOSPITAL.

**REQUEST No. 28:**

    All DOCUMENTS containing, referring to, or reflecting YOUR role in the operation of

the HOSPITAL.

**REQUEST No. 29:**

    All DOCUMENTS containing, referring to, or reflecting YOUR role in the management

of the HOSPITAL.

**REQUEST No. 30:**

1    All DOCUMENTS containing, referring to, or reflecting YOUR role in the hiring of

2  EMPLOYEES at the HOSPITAL.

3  **REQUEST No. 31:**

4    All DOCUMENTS containing, referring to, or reflecting to any communications between

5

6  YOU and Defendant ST. JOSEPH HOSPITAL regarding the operation of the HOSPITAL.

7  **REQUEST No. 32:**

8    All DOCUMENTS containing, referring to, or reflecting to any communications between

9  YOU and Defendant ST. JOSEPH HOSPITAL regarding the management of the HOSPITAL.

10  **REQUEST No. 33:**

11    All DOCUMENTS containing, referring to, or reflecting to any communications between

12

13  YOU and Defendant ST. JOSEPH HOSPITAL regarding the hiring of employees at the

14  HOSPITAL.

15  **REQUEST No. 34:**

16    All DOCUMENTS containing, referring to, or reflecting to any communications between

17  YOU and Defendant ST. JOSEPH HOSPITAL regarding the ownership of or any financial

18  decisions related to the HOSPITAL.

19  **REQUEST No. 35:**

20    All DOCUMENTS containing, referring to, or reflecting YOUR liability insurance

21

22  relationships with Defendant ST. JOSEPH HOSPITAL.

23  **REQUEST No. 36:**

24    All DOCUMENTS containing, referring to, or reflecting ownership of the HOSPITAL.

25  **REQUEST No. 37:**

26    All DOCUMENTS containing, referring to, or reflecting organizational charts depicting

27  any relationship between YOU and Defendant ST. JOSEPH HOSPITAL.

28

612427.1

**REQUEST No. 38:**

All DOCUMENTS containing, referring to, or reflecting a "series of difficult cost-saving measures" at St. Joseph Health System – Humboldt County, described on page six of YOUR 2006 Annual Report.

**REQUEST No. 39:**

All DOCUMENTS containing, referring to, or reflecting the "final report to the SJHS Board recommending that SJHS continue its sponsorship of the hospital," as described on page seven of YOUR 2006 Annual Report.

**REQUEST No. 40:**

All DOCUMENTS containing, referring to, or reflecting YOUR "sponsorship of the hospital," as described on page seven of YOUR 2006 Annual Report.

**REQUEST No. 41:**

All DOCUMENTS containing any webpages published on YOUR website related to YOU that existed during the RELEVANT TIME PERIOD.

**REQUEST No. 42:**

All DOCUMENTS containing any webpages published on YOUR website related to Defendant ST. JOSEPH HOSPITAL that existed during the RELEVANT TIME PERIOD.

**REQUEST No. 43:**

All DOCUMENTS containing, referring to, or reflecting to any communications between YOU and OCTAGON regarding risk management issues at the HOSPITAL.

**REQUEST No. 44:**

All DOCUMENTS containing, referring to, or reflecting YOUR relationship with OCTAGON.

**REQUEST No. 45:**

1    All DOCUMENTS containing, referring to, or reflecting ownership of OCTAGON.

2    **REQUEST No. 46:**

3    All DOCUMENTS containing, referring to, or reflecting organizational charts depicting

4    any relationship between YOU and OCTAGON.

5

6

7    Dated: March 29, 2007                    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

8

9    By: _____
                                             Kent L. Klaudt

10

11   Fabrice N. Vincent (State Bar No. 160780)
     Kent L. Klaudt (State Bar No. 183903)
12   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
     Embarcadero Center West
13   275 Battery Street, 30th Floor
     San Francisco, CA 94111-3339
14   Telephone: (415) 956-1000
     Facsimile: (415) 956-1008

15   Attorneys for Plaintiff Allen Faron

16

17

18

19

20

21

22

23

24

25

26

27

28
     612427.1                                   - 11 -
     PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ST. JOSEPH HEALTH SYSTEM [C.C.P. §
                                                2031]