# EXHIBIT P

PAGE 5/5 * RCVD AT 9/7/2007 3:22:00 PM [Pacific Daylight Time] * SVR:SFORF/14 * DNIS:9999 * CSID: * DURATION (mm-ss):01-38

PAUL, HASTINGS, JANOFSKY & WALKER LLP
JOHN P. PHILLIPS (State Bar No. 154412)
JASON K. SONODA (State Bar No. 248105)
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

PAUL, HASTINGS, JANOFSKY & WALKER LLP
PETER M. STONE (State Bar No. 157994)
695 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

Attorneys for Defendant
St. Joseph Health System

FILED

Copy &

SEP 07 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF HUMBOLDT

| | |
|---|---|
| ALLEN FARON,<br><br>Plaintiff,<br><br>vs.<br><br>ST. JOSEPH HOSPITAL; ST. JOSEPH HEALTH SYSTEM; KEVIN MOLANDER, M.D.; JOHN KELSEY, M.D.; RONALD CORDOVA, M.D.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. DR070032<br><br>**DECLARATION OF SUSAN WHITTAKER IN SUPPORT OF ST. JOSEPH HEALTH SYSTEM'S OPPOSITION TO MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS**<br><br>Date: September 21, 2007<br>Time: 8:45 a.m.<br>Dept: 4<br><br>Date Complaint Filed: July 14, 2006<br>1st Amended Complaint Filed: July 31, 2006<br>Trial: January 22, 2008 |

Sep 7 2007 02:24pm    Fax:    P005/005

I, Susan Whittaker, declare as follows:

1.      I am currently the Chief Administrative Officer and Governance Counsel for St. Joseph Health System (the "Health System"), a corporation, whose office is located at 500 South Main Street, Orange, California 92868.  I submit this declaration in support of the Health System's Opposition to Motion for Order Compelling Production of Documents.  I have firsthand knowledge of the matters discussed below.  If called as a witness, I could and would competently testify to these facts under oath.

2.      I began my employment with the Health System in October of 1986 as corporate counsel and have been with the Health System since that time.  During the 20-plus years I have been employed with the Health System, I have held the positions of Assistant Vice President of Legal Affairs, Vice President of Legal Affairs, Senior Vice President of Legal Affairs, and General Counsel.  My current position is Chief Administrative Officer and Governance Counsel.  I am generally familiar with the Health System's record keeping systems and the types and categories of documents it maintains in the ordinary course of business.

3.      As stated in its articles of incorporation, St. Joseph Hospital of Eureka (the "Hospital" Plaintiff has referred to in his discovery requests at issue) is a non-profit corporation that does not have stock, issue dividends or possess other typical indicia of ownership; moreover, the charitable assets of the Hospital are irrevocably dedicated to religious and charitable purposes that are directed and managed by the Hospital, not the Health System.  True and correct copies of the articles of incorporation of the Hospital and amendments thereto are attached hereto as Exhibits 1-5.

4.      Based on these documents, and for additional reasons which I discussed during my June 20, 2007 deposition in this case, the Health System does not "own" the Hospital as Plaintiff would like to use that term because it is divorced from important context.  Instead, the

-2-

1  Health System is a corporate member of the Hospital that holds certain reserved rights required

2  by law. I discussed these rights in detail during my deposition. I explained that the Health

3  System and the Hospital are legally distinct entities (discussed more in the next paragraph), and

4  note that Plaintiff did not include this important context in his Motion For Order Compelling

5  Production of Documents ("Motion"), which I have reviewed in detail and comment upon in my

6  Declaration.

7

8          5.       Pursuant to its affiliation with the Hospital, the Health System provides

9  certain services to the Hospital, including mission integration support, theology and ethics advice,

10  legal, finance, computer support, construction management, and other corporate services. The

11  Health System does not, however, operate or manage the Hospital. Nor does the Health System

12  play any role in the care and treatment of patients at the Hospital. As I explained during my

13  deposition, the Health System did not provide care or treatment to Mr. Faron. As I also

14  explained, the care patients receive at the Hospital is the responsibility of the medical staff at the

15  Hospital. Accordingly, the statements in Plaintiff's Motion regarding quality of care are taken

16  out of context as well.

17

18          6.       As noted, during my deposition I explained the relationship between the

19  Health System and the Hospital set forth above. I also explained how certain words like

20  "ownership," "operation," and "management" do not take on an ordinary meaning when used in

21  the context of the relationship between a charitable organization like the Health System and the

22  Hospital where Mr. Faron presented for care. Plaintiff's claim, therefore, that within the context

23  of this case these words amount to nothing more than "plain English words" (Motion, 10:4) is

24  inaccurate and overly simplistic.

25

26          7.       I have reviewed Plaintiff's Motion, with particular attention to those parts

27  that purport to summarize and rely on my deposition testimony given in this case. Any assertion

28  in Plaintiff's Motion that I stated unequivocally during my deposition that the Health System

-3-

1    "owns" the Hospital is misleading, taken out of context, and fails to accurately reflect how I

2    described the relationship between the two organizations.  Further, Plaintiff's Motion fails to

3    reflect that Plaintiff's counsel used and sought my use of such "ownership" terms during my

4    deposition with a frequent caveat of "how we've defined that term today."  Indeed, the quote on

5    page 9 of Plaintiff's Motion incorporates that concept ("As we've used term today….").

6    Examples of the additional testimony I provided to put the relationship into its proper context are

7    included in the Health System's Opposition to Plaintiff's Motion.  In addition, as a basis for his

8    document requests, Plaintiff claims that the Health System was "involved in some capacity" in a

9    "radiological services dispute." (Motion at 2:18-19.)  Plaintiff suggests that this "dispute"

10   somehow played a role in the Hospital's failure to "provide even basic x-rays" to Mr. Faron.

11   (Motion at 3:23.)  The claim is false.  First, there was no dispute; rather, the Health System was

12   involved in discussions surrounding a radiology group's decision to leave the Hospital and

13   practice independently from the Hospital.  Second, the whole event preceded 2005 (the time

14   period at issue in the case), and the group in question returned to the Hospital in early 2005.

15   Moreover, I never heard any complaints about the quality or availability of radiology services at

16   the Hospital, nor was there a loss of radiology coverage.  I explained all of this to Plaintiff's

17   counsel during my deposition.  Therefore, for Plaintiff to claim in his Motion that this is an

18   adequate basis for requiring the System to potentially produce hundreds of thousands of pages of

19   documents is factually flawed.

20

21        8.     The Health System is currently affiliated with 14 hospitals, three home

22   health agencies, and multiple physician groups.  Significantly, all are licensed to provide health

23   care; the Health System is not so licensed.  Pursuant to its affiliation with these health care

24   providers, the Health System with its affiliates employs approximately 17,000 people and

25   maintains an extensive amount of documentation (in paper and electronic form).

26

27        9.     I have reviewed the document requests which Plaintiff has placed before

28   the Court in his Motion.  Generally, the requests seek documentation about the "operation" of the

-4-

Hospital, the "management" of the Hospital, the "hiring" of employees at the Hospital and all communications which contain, refer to or relate to those broad topics, including "ownership and financial decisions."

10.    Based on my experience summarized above, I can unequivocally state that, even as limited by Plaintiff's counsel, compliance with the discovery request before the Court would be prejudicial and unduly burdensome on the Health System for several primary reasons.

11.    First, I understand from Plaintiff's Motion that he seeks documents maintained by the System's Board of Directors and/or individuals who are a System Vice President or "higher" in the corporate structure. That group includes approximately 50 individuals. Moreover, the Board has several committees that would also be included within Plaintiff's definition. That group includes another 20-30 people, for a total of 70-80 people. Many of these people reside in states other than California. Contacting each of these individuals to have them search through the records they "maintain" (as Plaintiff has requested) would be a precedent-setting event for the Health System that would create an overwhelming burden on not only the individuals, but also on Health System staff who would have to play a time-consuming role in the effort to search for the requested documents.

12.    Second, if all these individuals (or even a subset) were contacted, the scope of Plaintiff's requests – *i.e.*, the request for all documents that relate to the "operation, management, ownership or financial decisions relating to the Hospital" – could still include a voluminous collection of documents. Even though the Hospital is a completely separate and stand-alone non-profit entity, with its own Board of Trustees, management and finances, the Health System, in its role as the corporate member of the Hospital, maintains a wide-variety of records that could fall within the scope of Plaintiff's requests and would arguably have to be obtained and produced. In my opinion, a conservative estimate of the collection called for by Plaintiff's discovery might well number in the hundreds of thousands of pages of documents.

-5-

1      (a)    For example, documents reflecting the "role the Health System

2 plays in operating the Hospital" might include employment records and related databases. That

3 could implicate literally hundreds of thousands of pages of employment records, related

4 databases, trigger relevant privacy laws, and include a great deal of information that falls outside

5 of Plaintiff's requested time period.

6      (b)    By way of additional example, the Health System maintains

7 information about "best practices" that is generated by all fourteen of its hospitals, and the Health

8 System pools that information for use by all of its hospitals. Since this massive volume of data

9 and documentation arguably relates to the "operation of the Hospital" as Plaintiff uses that phrase,

10 the System could have to undertake the burdensome task of extracting information specific to the

11 Hospital (a task which I do not think is possible). This information, however, would trigger

12 numerous privacy rights and would include numerous documents that are privileged pursuant to

13 Evidence Code Section 1157.

14      (c)    By way of further example, Plaintiff's demand for records relating

15 to the "operation, ownership, and management of the Hospital," could require the production of

16 System documents relating to its mission integration and theology programs sponsored by the

17 Catholic Sisters of St. Joseph of Orange. The Health System provides all these documents to the

18 hospitals. The Health System coordinates dozens of these programs, and each of these could have

19 to be reviewed for production – an incredible burden.

20      (d)    By way of further example, the Health System provides cash

21 management programs to its affiliated ministries, and documents related to these programs are

22 arguably called for by Plaintiff's request for documents relating to the "management of and

23 financial decisions related to" the Hospital. The burden to locate the documents that fall within

24 May 2005 and January 2006 and then separate out those relating to the Hospital would be

25 overwhelming.

26      (e)    By way of further example, the Health System coordinates aspects

27 of medical supply purchases for the fourteen hospitals. These documents arguably relate to the

28 "operation and management" of the Hospital. The burden to identify documents specific to the

-6-

1    Eureka Hospital would be overwhelming (assuming that task is even possible), and the number of

2    documents could be voluminous.

3                    (f)    Regarding Plaintiff's request for documents relating to "hiring

4    employees" at the Hospital, as I explained during my deposition, the System does not hire

5    Hospital employees, the Hospital does.  The Health System does, however, hire the Hospital

6    CEO, which I discussed with Plaintiff's counsel.  For these reasons, the only potentially

7    responsive documents the Health System has which relate to the "hiring of employees," would be

8    the current CEO's personnel file, which would be protected from disclosure and contain highly

9    confidential and personal information.

10                   (g)    If called upon to do so, I could give additional examples of

11   document collections generated during the time period specified by Plaintiff that arguably relate

12   to the "operation of, management of, and financial decisions relating to the Hospital."  I described

13   these areas in my deposition.  The time, effort and expense required to collect all these documents

14   would overwhelm our Staff and be truly a precedent-setting event that would burden the Health

15   System for months.  As I explained during my deposition, the Health System is a stand-alone, non

16   profit corporation with less than 200 employees, and its limited resources are focused on its

17   charitable mission as a ministry of the Catholic Church; specifically, supporting its affiliates in

18   their respective commitment to serve marginalized populations in many communities, including

19   Mr. Faron's.  I believe that the time and expense (including attorneys' fees) required to respond to

20   Plaintiff's discovery will undermine that mission.  This is especially true given the fact that the

21   Health System did not provide care and treatment to Mr. Faron, is not licensed to provide any

22   care nor treatment, and did not (and cannot) hire the doctors who provide that care.  Put

23   differently, searching through the extensive collection of documents maintained by the Health

24   System for documents that fall within a specific time period and relate to the "operation,

25   management, hiring of employees, ownership and financial decisions" at the Hospital, and

26   communications between the Health System and the Hospital concerning those topics, despite

27   that fact that these documents have absolutely nothing to do with the care Mr. Faron received,

28   will be extremely time consuming, expensive and disruptive to the Health System's mission of

-7-

1    improving the health and quality of life of the people in the many communities that its affiliates

2    serve.

3              I declare under penalty of perjury under the laws of the State of California that the

4    foregoing is true and correct.

5              Executed this 7th day of September, 2007, at Orange, California.

6

7                                     *Susan Whittaker*
                                      Susan Whittaker

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      -8-

DECLARATION OF SUSAN WHITTAKER ISO OPPOSITION TO MOTION
FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS

PAGE 2/2 * RCVD AT 9/7/2007 11:47:05 AM [Pacific Daylight Time] * SVR:SFORF1/4 * DNIS:9998 * CSID:7143477755 * DURATION (mm-ss):01-02

# EXHIBIT 1

Case 1:10-cv-18462-SBA   Document N/A   Doc 01/25/2010   Page 11 of 50

ARTICLES OF INCORPORATION

OF

ST. JOSEPH HOSPITAL OF EUREKA

189726

FILED
in the office of the Secretary of State
OF THE STATE OF CALIFORNIA
JAN 8 - 1942
PAUL PECK, Secretary of State
By _____, Deputy

**ONE:**  The name of this corporation is:
ST. JOSEPH HOSPITAL OF EUREKA

**TWO:**  The purposes for which this corporation is formed are:

(1)  To establish, build, acquire, own, equip, maintain, conduct, manage and operate a hospital in the City of Eureka, State of California, to furnish, supply and administer hospital care, attention and service, and medical and surgical treatment of every kind and character, and to receive, treat and care for patients, invalids, the aged and infirm, and generally to conduct and carry on, and to do all things necessary or advisable in conducting and carrying on a hospital;

(2)  To perform and to foster and support acts of Christian charity particularly among the sick and ailing; to practice, foster and encourage religious beliefs and activities; to house and care for unprotected and indigent sick, aged and infirm persons regardless of race, creed, sex or age;

(3)  To educate, teach and train and to assist financially and otherwise in the educating, teaching and training of nurses and medical students, and to provide facilities for the same;

(4)  That it is a corporation which is not formed for pecuniary gain and does not contemplate pecuniary gain or profit to the members thereof, and

-1-

any revenue received or derived from the operation
and carrying on of said hospital shall be used in
improving the same after payment of all expenses of
operation thereof, including indebtedness, taxes,
assessments, interest, insurance, repairs, salaries, sup-
plies and kindred expenses of upkeep and maintenance, or
shall be used in enlarging and improving said hospital
and in enlarging the field and scope of its charitable,
religious and educational activities;

(5)   To lease or purchase any real estate, or
to lease, construct or purchase any or all buildings
or furnishings, or equipment, which may be necessary,
proper or useful in carrying out the purposes or for
the benefit of the hospital, or as may be deemed to
be conducive to the welfare of this corporation;

(6)   To have, own, take, receive and hold by
gift, devise, bequest or endowment, such real or
personal property as may be necessary, useful or
advantageous in the carrying out of the general
purposes or for the benefit of the hospital or as may
be deemed to be conducive to the welfare of this
corporation;

(7)   To acquire by purchase, and to hold or
improve, develop, sell, lease, mortgage, encumber,
convey or otherwise dispose of and deal in any and
all kinds of real and personal property, or any
right, title or interest, hereditament, tenement, or
privilege therein, including water and water rights, and
stock and bonds, securities, notes or commercial
paper of corporations, firms or individuals, insofar
as the same may be necessary, convenient or advantageous
to the carrying out of the general purposes, or for the

LAW OFFICES OF
JOSEPH SCOTT
Los Angeles

-2-

benefit of the hospital, or as may be deemed to be
conducive to the welfare of this corporation;

(8)   To create bonded indebtedness, and to
borrow or loan money upon any and all kinds of pro-
perty, securities, obligations or indebtednesses, and
to execute and to issue corporate notes, bonds or
other evidences of indebtednesses therefor; to execute
mortgages, and deeds of trust or other evidences of
security upon the corporation's property, either real
or personal, as security for notes or bonds, or other
evidences of indebtednesses of other persons, firms
or corporations;

(9)   Generally to do all acts and things
which may be necessary, proper, useful or advantageous
to the full carrying out of the purposes of this
corporation, as herein set out, and all objects, pur-
poses and powers specified in each of the clauses
and paragraphs herein shall be regarded but not
abridged by any of the objects, powers and purposes
herein set forth.

THREE:   The county in the State of California where
the principal office for the transaction of business of this corpora-
tion is to be located in Humbolt County.

FOUR:   The number of directors of the corporation
shall be five (5), and the term for which such directors shall hold
office shall be one (1) year, or until their successor shall be
duly named and qualified.   The number of directors may be changed
by a By-Law or by an amendment to a By-Law, providing that the
number is not less than three (3), and providing that at least a
majority of said directors must be duly qualified and acting
members of the Roman Catholic religious Order of the Sisters of

-3-

St. Joseph of Orange; the names and addresses of those who are appointed as the first directors of this corporation are:

| NAMES | RESIDENCE |
|---|---|
| MOTHER M. FRANCIS LIRETTE | Pasadena, California |
| SISTER M. LIGOURI McNAMARA | Eureka, California |
| REV. MOTHER LOUIS BACHAND | Orange, California |
| SISTER M. ESTELLE BEAUREGARD | Eureka, California |
| SISTER M. AL-XINE FRICE | Eureka, California |

FIVE:    When, as and if this corporation is dissolved, then and upon said dissolution, all of the assets, real and personal, of said corporation are to be distributed subject to all the debts, liabilities and trust obligations of said corporation and upon express provision that said assets, if any, shall be used exclusively for charitable, religious or educational purposes and not for profit, to one of the following in the order named, to wit:

(1)  To SISTERS OF SAINT JOSEPH OF ORANGE, a California corporation, the Mother House of the member of this corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(2)  To ST. LUKE HOSPITAL OF PASADENA, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(3)  To ST. JOSEPH HOSPITAL OF ORANGE, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(4)  To FULLERTON HOSPITAL, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept

-4-

or to take said distribution, then

    (B) To TRINITY HOSPITAL OF ARCATA, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

    (A) To THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, a corporation sole.

    IN WITNESS WHEREOF, for the purpose of forming this corporation under the laws of the State of California, we, the undersigned, constituting the incorporators of this corporation, including the persons named hereinbefore as the first directors of this corporation, have executed these Articles of Incorporation this 8th day of ___January___ 1942.

Mother M. Francis Lirette

Sister M. Liguori McNamara

Rev. Mother Louis Dachand

Sister M. Estelle Beauregard

Sister M. Alexine Weiss

-8-

Case 4:07-cv-05682-SBA    Document 87-8    Filed 05/25/2008    Page 16 of 50

State of California )
                    ) ss
County of Humbolt   )

On this 2y'th of ___November___, 1941, before me,
___Clair G. Guthrie___, a Notary Public in and for said
County, and so to, residing therein, duly commissioned and sworn,
personally appeared Sister M. Ildefort McIntire and

___Sister M. Aloxino Snies___ known to me to be
the persons whose names are subscribed to the foregoing
Articles of Incorporation, and acknowledged to me that they
executed the same.

WITNESS my hand and official seal.

Clair G. Guthrie

Notary Public in and for the
County of Humbolt, State of
California.

Case 4:07-cv-05392-SBA    Document 4-10    Filed 04/25/2008    Page 17 of 50

STATE OF CALIFORNIA    ) ss
COUNTY OF LOS ANGELES )

On this 8th day of January, 1942, before me, A. H. HISSE, a Notary Public in and for said County and State, residing therein, duly commissioned and sworn, personally appeared, MOTHER M. FRANCIS LIRETTE, REV. MOTHER LOUIS BACHAND, and SISTER M. ESTELLE BEAUREGARD, known to me to be the persons whose names are subscribed to the foregoing Articles of Incorporation, and acknowledged to me that they executed the same.

WITNESS my hand and official seal.

Notary Public in and for the County
of Los Angeles, State of California



# State of California

## OFFICE OF THE SECRETARY OF STATE

ST. JOSEPH HOSPITAL OF EUREKA

I, MARCH FONG EU, Secretary of State of the State of California, hereby certify:

That the annexed transcript was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.

*IN WITNESS WHEREOF*, I execute this certificate and affix the Great Seal of the State of California this

JAN 29 1991



March Fong Eu

Secretary of State

# EXHIBIT 2

Case 3:17-cv-05002-SEA    Document 1-1    Filed 03/25/2008    Page 20 of 50

CERTIFICATE OF AMENDMENT

OF

ARTICLES OF INCORPORATION

OF

ST. JOSEPH HOSPITAL OF EUREKA

FILED

In the office of the Secretary of State
of the State of California

FEB 21 1946

FRANK M. JORDAN, Secretary of State

By _____
Deputy

189726

The undersigned, SISTER M. INEZ VALDEZ and SISTER M. ANTOINETTE THIBAULT, do hereby certify that they are at all times herein mentioned and have been respectively the duly elected and acting Vice-President and Secretary of ST. JOSEPH HOSPITAL OF EUREKA, and further state:

ONE:  That at a special meeting of the Board of Directors of said corporation, duly held at its principal office for the transaction of business, Eureka, California, at 4 o'clock p.m., on the 15th day of February, 1946, at which meeting there was at all times present and acting a quorum and all of the members of said Board, the following resolution was duly adopted:

WHEREAS, it is deemed by the Board of Directors of this corporation to be to its best interest and to the best interest of its members that Articles TWO and FIVE of the ARTICLES OF INCORPORATION be amended;

NOW, THEREFORE, BE IT RESOLVED that Article TWO and Article FIVE of the ARTICLES OF INCORPORATION of this corporation be amended to read as follows:

LAW OFFICES OF
JOSEPH SCOTT

-1-

TWO:  The purposes for which this corporation is
formed are:

(1)  To establish, build, acquire, own, equip, maintain,
conduct, manage and operate a hospital in the city of Eureka,
State of California, to furnish, supply and administer hos-
pital care, attention and service, and medical and surgical
treatment of every kind and character, and to receive,
treat and care for patients, invalids, the aged and infirm,
and generally to conduct and carry on, and to do all things
necessary or advisable in conducting and carrying on a hospital;

(2)  To perform and to foster and support acts of
Christian charity particularly among the sick and ailing;
to practice, foster and encourage religious beliefs and acti-
vities; to house and care for unprotected and indigent sick,
aged and infirm persons regardless of race, creed, sex or age;

(3)  That it is a corporation which is not formed for
pecuniary gain and does not contemplate pecuniary gain or
profit to the members thereof, and any revenue received or
derived from the operation and carrying on of said hospital
shall be used in improving the same after payment of all
expenses of operation thereof, including indebtedness, taxes,
assessments, interest, insurance, repairs, salaries, supplies
and kindred expenses of upkeep and maintenance, or shall be
used in enlarging and improving said hospital and in enlarg-
ing the field and scope of its charitable, religious and
hospital activities; that no part of its activity shall be
devoted to carrying on propaganda for or against, or other-
wise influencing legislation;

(4)  To lease or purchase any real estate, or to lease,
construct or purchase any or all buildings or furnishings,
or equipment, which may be necessary, proper or useful in
carrying out the purposes or for the benefit of the hospital,

-2-

or as may be deemed to be conducive to the welfare of this corporation;

(5) To have, own, take, receive and hold by gift, devise, bequest or endowment, such real or personal property as may be necessary, useful or advantageous in the carrying out of the general purposes or for the benefit of the hospital or as may be deemed to be conducive to the welfare of this corporation;

(6) To acquire by purchase, and to hold or improve, develop, sell, lease, mortgage, encumber, convey or otherwise dispose of and deal in any and all kinds of real and personal property, or any right, title or interest, hereditament, tenement, or privilege therein, including water and water rights, and stock and bonds, securities, notes or commercial paper of corporations, firms or individuals, insofar as the same may be necessary, convenient or advantageous to the carrying out of the general purposes, or for the benefit of the hospital, or as may be deemed to be conductive to the welfare of this corporation;

(7) To create bonded indebtedness, and to borrow or loan money upon any and all kinds of property, securities, obligations or indebtednesses, and to execute and to issue corporate notes, bonds or other evidences of indebtedness therefor; to execute mortgages, and deeds of trust or other evidences of security upon the corporation's property, either real or personal, as security for notes or bonds, or other evidences of indebtednesses of other persons, firms or corporations;

(8) Generally to do all acts and things which may be necessary, proper, useful or advantageous to the full carrying out of the purposes of this corporation, as herein set out, and all objects, purposes and powers specified in each of the clauses and paragraphs herein shall be regarded but not abridged by any of the objects, powers and purposes herein set forth.

-3-

Case 8:07-cv-01002-SPG   Document 1-1   Filed 08/25/2008   Page 23 of 50

FIVE : The property of the corporation is irrevocably dedicated to religious, charitable, or hospital purposes, and upon the liquidation, dissolution or abandonment of the owner will not inure to the benefit of any private person, but shall be distributed to any one of the following corporations in the order named, providing that at the time of said distribution said distributee shall be organized and operated for religious, hospital or charitable purposes and shall be exempt from taxation under the Welfare Exemption or College Exemption laws of the State of California and under the Internal Revenue Laws of the United States of America:

(1)  TO SISTERS OF SAINT JOSEPH OF ORANGE, a California corporation, the Mother House of the members of this corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(2)  TO ST. LUKE HOSPITAL OF PASADENA, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(3)  TO ST. JOSEPH HOSPITAL OF ORANGE, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(4)  TO FULLERTON HOSPITAL, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(5)  TO TRINITY HOSPITAL OF ARCATA, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(6)  TO THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, a California corporation : .e.

And if none of the above specifically named distributees are qualified to accept said distribution, then the property of the corporation shall be distributed to a fund, foundation or corporation organized and operated for religious, hospital or charitable purposes, or to the United States of America or to the State of California, or to any political subdivision of either thereof.

LAW OFFICES OF
JOSEPH SCOTT
Los Angeles

Case 1:01-cv-03462-SBA    Document 2-5    Filed 10/25/2008    Page 24 of 50

BE IT FURTHER RESOLVED that the Vice-President and Secretary of this corporation be and they hereby are authorized and directed to procure the adoption and approval of the foregoing amendment by the written consent of the members of this corporation holding at least a majority of the voting power and thereafter to sign and verify by their oaths and to file a certificate in the form and manner required by Section 362b of the California Civil Code, and in general to do any and all things necessary to effect said amendment in accordance with said Section 362b.

TWO: All of the Directors present and acting at said meeting, to wit, five (5), constituting the vote of all of the Directors of this corporation, voted in favor of said resolution.

THREE: The resolution appearing in Paragraph ONE of this Certificate of Amendment of ARTICLES OF INCORPORATION of ST. JOSEPH HOSPITAL OF EUREKA was consented to by Ten (10) members of said corporation in writing, said ten (10) members being all of the members of said corporation, and the following is a copy of the written consent executed by said members:

-5-

Case 3:07-cv-05892-SEB    Document 45-1    Filed 04/25/2008    Page 25 of 50

WRITTEN CONSENT OF MEMBERS

TO

AMENDMENT OF ARTICLES OF INCORPORATION

OF

ST. JOSEPH HOSPITAL OF EUREKA

WHEREAS, at a special meeting of the Board of
Directors of ST. JOSEPH HOSPITAL OF EUREKA, a California
corporation, duly held at the principal office for the
transaction of the business of said corporation, at
Eureka, California, on the 15th day of February, 1946,
at 4 o'clock p.m., at which meeting a quorum of the mem-
bers of said Board was at all times present and acting,
an amendment to the ARTICLES OF INCORPORATION of this cor-
poration was approved and adopted by resolution of said
Board amending Articles TWO and FIVE, known to and under-
stood by each of the undersigned;

NOW, THEREFORE, each of the undersigned members
of said corporation, being all of the members of said
corporation, does hereby approve, adopt and consent to
the amendment of Article TWO and Article FIVE of the
ARTICLES OF INCORPORATION of this corporation, and does
hereby consent that said ARTICLES OF INCORPORATION of
said corporation shall be amended to read as follows:

-6-

Case 5:11-cv-0XXX2-SEH    Document X X X    Filed 04/25/20XX    Page 26 of 50

**THO:**  The purposes for which this corporation is formed are:

(1)  To establish, build, acquire, own, equip, maintain, conduct, manage and operate a hospital in the city of Eureka, State of California, to furnish, supply and administer hospital care, attention and service, and medical and surgical treatment of every kind and character, and to receive, treat and care for patients, invalids, the aged and infirm, and generally to conduct and carry on, and to do all things necessary or advisable in conducting and carrying on a hospital;

(2)  To perform and to foster and support acts of Christian charity particularly among the sick and ailing; to practice, foster and encourage religious beliefs and activities; to house and care for unprotected and indigent sick, aged and infirm persons regardless of race, creed, sex or age;

(3)  That it is a corporation which is not formed for pecuniary gain and does not contemplate pecuniary gain or profit to the members thereof, and any revenue received or derived from the operation and carrying on of said hospital shall be used in improving the same after payment of all expenses of operation thereof, including indebtedness, taxes, assessments, interest, insurance, repairs, salaries, supplies and kindred expenses of upkeep and maintenance, or shall be used in enlarging and improving said hospital and in enlarging the field and scope of its charitable, religious and hospital activities; that no part of its activity shall be devoted to carrying on propaganda for or against, or otherwise influencing legislation;

(4)  To lease or purchase any real estate, or to lease, construct or purchase any or all buildings or furnishings, or equipment, which may be necessary, proper or useful in carrying out the purposes or for the benefit of the hospital,

-7-

or as may be deemed to be conducive to the welfare of this corporation;

(B) To have, own, take, receive and hold by gift, devise, bequest or endowment, such real or personal property as may be necessary, useful or advantageous in the carrying out of the general purposes or for the benefit of the hospital or as may be deemed to be conducive to the welfare of this corporation;

(6) To acquire by purchase, and to hold or improve, develop, sell, lease, mortgage, encumber, convey or otherwise dispose of and deal in any and all kinds of real and personal property, or any right, title or interest, hereditament, tenement, or privilege therein, including water and water rights, and stock and bonds, securities, notes or commercial paper of corporations, firms or individuals, insofar as the same may be necessary, convenient or advantageous to the carrying out of the general purposes, or for the benefit of the hospital, or as may be deemed to be conducive to the welfare of this corporation;

(V) To create bonded indebtedness, and to borrow or loan money upon any and all kinds of property, securities, obligations or indebtedness, and to execute and to issue corporate notes, bonds or other evidences of indebtedness therefor; to execute mortgages, and deeds of trust or other evidences of security upon the corporation's property, either real or personal, as security for notes or bonds, or other evidences of indebtedness of other persons, firms or corporations;

(8) Generally to do all acts and things which may be necessary, proper, useful or advantageous to the full carrying out of the purposes of this corporation, as herein set out, and all objects, purposes and powers specified in each of the clauses and paragraphs herein shall be regarded but not abridged by any of the objects, powers and purposes herein set forth.

LAW OFFICES OF
JOSEPH SCOTT
LOS ANGELES

FIVE : The property of the corporation is irrevocably declared to religious, charitable, or hospital purposes, and upon the liquidation, dissolution or abandonment of the same will not inure to the benefit of any private person, but shall be distributed to any one of the following corporations in the order named, providing that at the time of said distribution said distributee shall be organized and operated for religious, hospital or charitable purposes and shall be exempt from taxation under the welfare exemption or College Exemption laws of the State of California and under the Internal Revenue laws of the United States of America:

(1) TO HILLCREST SANITARIUM HOSPITAL OF BURBANK, a California corporation, the Mother House of the members of this corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(2) TO THE LUKE HOSPITAL OF PASADENA, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(3) TO THE JOSEPH HOSPITAL OF FRANCE, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(4) TO FULLERTON HOSPITAL, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(5) TO TRINITY HOSPITAL OF ARCATA, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(6) TO THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, a California corporation sole.

And if none of the above specifically named distributees are qualified to accept said distribution, then the property of the corporation shall be distributed to a fund, foundation or corporation organized and operated for religious, hospital or charitable purposes, or to the United States of America or to the State of California, or to any political subdivision of either thereof.

—9—

Case 1:07-cv-00002-SEH    Document 1-6    Filed 01/25/2008    Page 29 of 50

IN WITNESS WHEREOF, each of the undersigned has hereunto signed her name and following her name the date of signing, and the number of votes entitled to be voted by her on said date upon the amendment of said ARTICLES OF INCORPORATION, of the character of the foregoing amendments.

| NAME: | DATE: | VOTES: |
|---|---|---|
| SISTER M. INEZ VALDEZ | February 15, 1946, | 1 |
| SISTER M. ANTOINETTE THIBAULT | February 15, 1946, | 1 |
| SISTER M. BERNARDINE GELTES | February 15, 1946, | 1 |
| SISTER M. FRANCITA RIVERA | February 15, 1946, | 1 |
| SISTER M. CLOTILDA TRLOTTE | February 15, 1946, | 1 |
| SISTER M. JOAN BRETON | February 15, 1946, | 1 |
| SISTER M. PATRICK JOYNT | February 15, 1946, | 1 |
| SISTER M. LUKE DISDERICH | February 15, 1946, | 1 |
| SISTER M. PHILOMENA LENTSCH | February 15, 1946, | 1 |
| SISTER M. THOMAS McLAUGHLIN | February 15, 1946, | 1 |

FOUR: The total number of members in said corporation entitled to vote on or consent to the adoption of such amendment is ten (10).

Attached hereunto and made a part hereof by reference is a true and correct copy of the Amended Articles of Incorporation of ST. JOSEPH HOSPITAL OF EUREKA, as the same reads and provides after and pursuant to the within amendment to the Articles of Incorporation of said corporation.

IN WITNESS WHEREOF, the undersigned have hereunto executed

1  this Certificate of Amendment this 16th day of February, 1946.

2

3  *Sister M. Inez Valdez*
   Sister M. Inez Valdez, Vice President

4

5  *Sister M. Antoinette Thibault*

6  Sister M. Antoinette, Secretary,
                        Thibault,

7  (Corporate Seal)

8

9

10

11

12  STATE OF CALIFORNIA     )
                            )SS
13  COUNTY OF LOS ANGELES   )

14

15        SISTER M. INEZ VALDEZ and SISTER M. ANTOINETTE THIBAULT,

16  being first duly sworn, each for herself deposes and says:

17        That SISTER M. INEZ VALDEZ is and was at all times mentioned

18  in the foregoing Certificate of Amendment the Vice-President of ST.

19  JOSEPH HOSPITAL OF EUREKA, the California corporation therein mentioned;

20        That SISTER M. ANTOINETTE THIBAULT is and was at all times

21  mentioned in the foregoing Certificate of Amendment the Secretary of

22  said corporation;

23        That each has read said Certificate of Amendment and each of

24  the statements therein made, and it is true of her knowledge that the

25  signatures purporting to be the signatures of the said Vice-President

26  and Secretary thereof are the genuine signatures of said Vice-Presi-

27  dent and Secretary respectively.

28  *Sister M. Inez Valdez*
    Sister M. Inez Valdez,

29

30  Subscribed to and sworn to before
    me this 13th day of February, 1946,    *Sister M. Antoinette Thibault*
                                           Sister M. Antoinette Thibault

31

32  *[signature]*
    Notary Public in and for said County
                and State.

LAW OFFICES OF
JOSEPH SCOTT
Los Angeles

# EXHIBIT 3

Case 1:07-cv-00222-SBA    Document 318    Filed 04/25/2008    Page 32 of 50

AMENDED ARTICLES OF INCORPORATION

OF

ST. JOSEPH HOSPITAL OF EUREKA

ONE: The name of this corporation is:

"ST. JOSEPH HOSPITAL OF EUREKA."

TWO: The purposes for which this corporation is formed are:

(1) To establish, build, acquire, own, equip, maintain, conduct, manage and operate a hospital in the City of Eureka, State of California, to furnish, supply and administer hospital care, attention and service, and medical and surgical treatment of every kind and character, and to receive, treat and care for patients, invalids, the aged and infirm, and generally to conduct and carry on, and to do all things necessary or advisable in conducting and carrying on a hospital;

(2) To perform and to foster and support acts of Christian charity particularly among the sick and ailing; to practice, foster and encourage religious beliefs and activities; to house and care for unprotected and indigent sick, aged and infirm persons regardless of race, creed, sex or age;

(3) That it is a corporation which is not formed for pecuniary gain and does not contemplate pecuniary gain or profit to the members thereof, and any revenue received or derived from the operation and carrying on of said hospital shall be used in improving the same after payment of all expenses of operation thereof, including indebtedness, taxes, assessments, interest, insurance, repairs, salaries, supplies and kindred expenses of upkeep and

-1-

maintenance, or shall be used in enlarging and improving said hospital and in enlarging the field and scope of its charitable, religious and hospital activities; that no part of its activity shall be devoted to carrying on propaganda for or against, or otherwise influencing legislation;

(4) To lease or purchase any real estate, or to lease, construct or purchase any or all buildings or furnishings, or equipment, which may be necessary, proper or useful in carrying out the purposes or for the benefit of the hospital, or as may be deemed to be conducive to the welfare of this corporation;

(5) To have, own, take, receive and hold by gift, devise, bequest or endowment, such real or personal property as may be necessary, useful or advantageous in the carrying out of the general purposes or for the benefit of the hospital or as may be deemed to be conducive to the welfare of this corporation;

(6) To acquire by purchase, and to hold or improve, develop, sell, lease, mortgage, encumber, convey or otherwise dispose of and deal in any and all kinds of real and personal property, or any right, title or interest, hereditament, tenement, or privilege therein, including water and water rights, and stock and bonds, securities, notes or commercial paper of corporations, firms or individuals, insofar as the same may be necessary, convenient or advantageous to the carrying out of the general purposes, or for the benefit of the hospital, or as may be deemed to be conducive to the welfare of this corporation;

(7) To create bonded indebtedness, and to borrow or loan money upon any and all kinds of property, securities, obligations or indebtednesses, and to execute and to

1  issue corporate notes, bonds or other evidences of indebted-
2  nesses therefor; to execute mortgages, and deeds of trust
3  or other evidences of security upon the corporation's pro-
4  perty, either real or personal, as security for notes or
5  bonds, or other evidences of indebtednesses of other per-
6  sons, firms or corporations;

7     (8)  Generally to do all acts and things which
8  may be necessary, proper, useful or advantageous to the full
9  carrying out of the purposes of this corporation, as herein
10 set out, and all objects, purposes and powers specified in
11 each of the clauses and paragraphs herein shall be regarded
12 but not abridged by any of the objects, powers and purposes
13 herein set forth.

14    THREE:  The county in the State of California where the
15 principal office for the transaction of business of this corporation
16 is to be located is Humbolt County.

17    FOUR:  The number of directors of the corporation shall be
18 five (5); and the term for which such directors shall hold office
19 shall be one (1) year, or until their successor shall be duly named
20 and qualified.  The number of directors may be changed by a By-Law
21 or by an amendment to a By-Law, providing that the number is not
22 less than three (3), and providing that at lease a majority of said
23 directors must be duly qualified and acting members of the Roman
24 Catholic religious Order of the Sisters of St. Joseph of Orange; the
25 names and addresses of those who are appointed as the first directors
26 of this corporation are:

27    NAMES:                          RESIDENCE:
28    MOTHER M. FRANCIS LIRETTE        Pasadena, California
29    SISTER M. LIGOURI McNAMARA       Eureka, California
30    REV. MOTHER LOUIS BACHAND        Orange, California
31    SISTER M. ESTELLE BEAUREGARD     Eureka, California
32    SISTER M. ALEXINE WEISS          Eureka, California

-3-

Case 2:02-cv-00672-SRC   Document 8-15   Filed 06/25/2008   Page 2 of 2

FIVE: The property of the corporation is irrevocably dedicated to religious, charitable, or hospital purposes, and upon the liquidation, dissolution or abandonment of the owner will not inure to the benefit of any private person, but shall be distributed to any one of the following corporations in the order named, providing that at the time of said distribution said distributee shall be organized and operated for religious, hospital or charitable purposes and shall be exempt from taxation under the Welfare Exemption or College Exemption laws of the State of California and under the Internal Revenue Laws of the United States of America:

(1) TO SISTERS OF SAINT JOSEPH OF ORANGE, a California corporation, the Mother House of the members of this corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(2) TO ST. LUKE HOSPITAL OF PASADENA, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(3) TO ST. JOSEPH HOSPITAL OF ORANGE, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(4) TO FULLERTON HOSPITAL, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(5) TO TRINITY HOSPITAL OF ARCATA, a California corporation; or if it is unable to qualify or for any reason is unable or fails to accept or to take said distribution, then

(6) TO THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, a California corporation sole.

And if none of the above specifically named distributees are qualified

-4-

1   to accept said distribution, then the property of the corporation shal

2   be distributed to a fund, foundation or corporation organized and

3   operated for religious, hospital or charitable purposes, or to the

4   United States of America or to the State of California, or to any

5   political subdivision of either thereof.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

LAW OFFICES OF
JOSEPH SCOTT
Los Angeles

-5-

Case 1:17-cv-03502-SEA    Document in 0    Filed 12/25/2020    Page 37 of 50

# Statement by Nonprofit Corporation of Address of Principal Office and Names of Officers

(For filing with the Secretary of State of the State of California
pursuant to Section 9003, Corporations Code)

ST. JOSEPH HOSPITAL OF EUREKA

a corporation, makes the following statements:

1. That it is a nonprofit corporation organized under the laws of the State of California
2. The address and location of its principal office (California) are as follows:

(a) Trinity & F Streets, Eureka, California
(Post Office or mail address)

(b) Same
(Street address or location)

3. The names of the following officers are:

(a) President, Reverend Mother M. Felix

(b) Secretary, & Treasurer, Sister M. Celine

(c) Other officers desired to be named are, Vice-President, Sister Maria Angst
Assistant Secretary, J. Howard Ziegler, Esq.
(No officers other than the president or other head, and the Secretary, need be named):

# FILED

In the office of the Secretary of State
of the State of California

## MAR 3 - 1952

FRANK M. JORDAN, Secretary of State

By _____
Deputy

ST. JOSEPH HOSPITAL OF EUREKA
Name of Corporation

By _____
(Title)    Assistant Secretary

NOTES: (A) Every domestic and qualified foreign nonprofit corporation expressly exempted from taxation by the provisions of the Bank and Corporation Franchise Tax Act of the State of California must file the statement with the Secretary of State sometime during each and every calendar year beginning with the year 1938. Failure to file creates a presumption of abandonment making the corporation name available for use by another corporation. Such presumption of abandonment may be removed at any time by the filing of the statement, subject to the adoption of a new name if the corporation's name has been appropriated by another corporation during the period of presumed abandonment (Section 9003, Corporations Code).

(B) There is no fee for filing this statement.

# EXHIBIT 4

A 1 1 5285

189-716

FILED
In the office of the Secretary of State
of the State of California

JUN 5 1971

EDMUND G. BROWN Jr. Secretary of State
By _____
Deputy

CERTIFICATE OF AMENDMENT
OF
ARTICLES OF INCORPORATION
OF
ST. JOSEPH HOSPITAL OF EUREKA

SISTER FRANCES DUNN and SISTER CHARLEEN ROBINSON

certify:

1.  That they are the President and Secretary, respec-
tively of ST. JOSEPH HOSPITAL OF EUREKA, a California non-
profit corporation.

2.  That at a meeting of the Board of Trustees of the
corporation duly held at Eureka, California on ____May 13____,
1971, a resolution, a copy of which is attached as Exhibit I
and by this reference incorporated herein, was adopted.

3.  That the Corporate Members have adopted and approved
the Amended Articles of Incorporation by written consent and
the wording of the Amended Articles of Incorporation as set
forth in the Corporate Members' written consent is the same
as that set forth in the Trustees' resolution in Paragraph 2
above.

4.  That the number of Corporate Members who consented
to the adoption of said Amended Articles of Incorporation is
_____Five_____ and that the total number of Corporate
Members entitled to consent to the adoption of said Amended
Articles of Incorporation is ___Five___.

_____
President

_____
Secretary

Each of the undersigned declares under penalty of perjury that the matters set forth in the foregoing certificate are of his own knowledge true and correct.

Executed at Eureka, California on _____May 13_____, 19 71.

_____
President

_____
Secretary

EXHIBIT I

RESOLVED, that the Articles of Incorporation of the corporation be amended in their entirety to read as follows:

AMENDED ARTICLES OF INCORPORATION

OF

ST. JOSEPH HOSPITAL OF EUREKA

KNOW ALL MEN BY THESE PRESENTS:

That we, the undersigned, all of whom are residents of the State of California, have this day voluntarily associated ourselves together for the purpose of forming a corporation under the laws of the State of California; that this corporation is organized pursuant to the General Non-Profit Corporation Law, or pursuant to Part 1 of Division 2 of Title 1 of the Corporations Code, and we do hereby certify that:

FIRST:  The name of this corporation shall be St. Joseph Hospital of Eureka.

SECOND:  The specific and primary purposes for which this corporation is formed are to establish, equip, maintain and operate a hospital in the City of Eureka, State of California, for the reception and care of the sick, injured and disabled; and to provide associated services.

THIRD:  The general purposes for which this corporation is

formed act:

(a)  To promote, operate or maintain such
activities as may be deemed advisable for the
betterment of the general health of the community;

(b)  To engage in and conduct charitable,
educational and scientific activities;

(c)  To acquire, own, hold, sell, assign,
transfer, lease, mortgage, pledge, exchange or
otherwise dispose of without limit such real and
personal property of any kind and description
within or without the State of California, suitable,
necessary, useful or advisable in connection with
any or all of the objects herein set forth;

(d)  To receive gifts, devises, legacies and
bequests of every kind and description and to per-
form any and all acts necessary to realize said
gifts, devises, legacies and bequests, and to make
the same available to further the purposes of this
corporation;

(e)  To enter into, make and perform contracts
of every kind and description with any person, firm,
association, corporation (public, private or munic-
ipal), municipality, county, state body politic, or
government or agency thereof, conducive to the
attainment of any of the objects or purposes of this
corporation;

(f)  To borrow money, contract debts and from
time to time issue bonds, debentures, notes and
evidences of indebtedness, and to secure the pay-
ment or performance of its obligations by mortgage,
deed of trust, pledge or otherwise;

(g)  To do all other acts necessary or expedient
for the administration of its affairs and the attain-
ment of its purposes;

(h)  To have and exercise all the rights and
powers conferred on non-profit corporations under
the General Non-Profit Corporation Law of the State
of California as such law is now in effect or may
at any time hereafter be amended.

The foregoing statement of purposes shall be construed as

a statement of both purposes and powers and the purposes and

-2-

powers stated in each clause shall, except where otherwise
expressed, be in no way limited or restricted by any ref-
erence to or inference from the terms or provisions of any
other clause, but shall be regarded as independent purposes
and powers; and the enumeration of specific purposes, objects
and powers shall not be construed to limit or restrict in any
manner the meaning of the general powers of this corporation,
nor shall the expression of one thing be deemed to exclude
another, although it be of like nature not expressed; provided
that all of the foregoing purposes, objects and powers set
forth in Article SECOND and in this Article THIRD shall be
limited to those which do not jeopardize this corporation's
tax-exempt status under Section 501(c)(3) of the Internal
Revenue Code.

FOURTH:  The principal office for the transaction of the
business of this corporation shall be located in the County of
Humboldt, State of California.

FIFTH:  This corporation has no capital stock, is not
formed for profit and is a corporation which does not contem-
plate the distribution of accumulations, gains, profits or
dividends to the members thereof and is a corporation organized
and operated exclusively for religious, hospital and charitable
purposes, no part of the accumulations, gains or profits of
which shall inure to the benefit of any private individual and
no substantial part of the activities of this corporation shall

-3-

consist of the carrying on of propaganda, or otherwise at-
tempting to influence legislation, nor shall this corporation
participate in or intervene in any political campaign on behalf
of any candidate for public office.  This corporation is or-
ganized pursuant to the General Non-Profit Corporation Law of
the State of California.

   SIXTH:  The number of Trustees of this corporation shall
be nine (9), which number shall constitute the authorized
number of Trustees until changed by amendment to these Articles
of Incorporation or by a bylaw adopted by the written consent
of the members, in accordance with the terms of the Bylaws.
The name and addresses of the persons who were the first Trustees
of this corporation are as follows:

| NAME | ADDRESS |
|------|---------|
| Mother M. Francis Lirette | Pasadena, California |
| Sister M. Liguori McNamara | Eureka, California |
| Rev. Mother Louis Bachand | Orange, California |
| Sister M. Estelle Beauregard | Eureka, California |
| Sister M. Alexine Weiss | Eureka, California |

   SEVENTH:  The members of this corporation, without limi-
.ation as to number, shall be such persons, associations, firms
or corporations as shall be elected to membership as provided
in the Bylaws of this corporation.  The Bylaws shall determine
whether there shall be one or more classes of membership, the
qualification for membership and the different classes of

-4-

membership, if more than one, the voting and other rights
of the members and of each class of membership, and the
liability of members for fees, dues and assessments, and
the methods of collection thereof.

EIGHTH:  The property of this corporation is irrevocably
dedicated to religious, hospital and charitable purposes; and
upon the liquidation, dissolution or abandonment of this cor-
poration, after providing for the debts and obligations there-
of, the remaining assets will not inure to the benefit of any
private person, but will be distributed to a nonprofit fund,
foundation or corporation which is organized and operated ex-
clusively for religious, hospital or charitable purposes, and
which has established its tax-exempt status under Section 501
(c)(3) of the Internal Revenue Code, with the first choice
being REDWOOD MEMORIAL HOSPITAL, Fortuna, a nonprofit corpora-
tion, if it shall so qualify.  If it does not qualify, the
remaining assets will be distributed to a qualified organization
selected by the members of this corporation.

IN WITNESS WHEREOF, we have hereunto set our hands this
5th day of January, 1942.

> MOTHER M. FRANCIS LIRETTE
> Mother M. Francis Lirette
>
> SISTER M. LIGOURI McNAMARA
> Sister M. Ligouri McNamara
>
> REV. MOTHER LOUIS BACHAND
> Rev. Mother Louis Bachand
>
> SISTER M. ESTELLE BEAUREGARD
> Sister M. Estelle Beauregard
>
> SISTER M. ALEXINE WEISS
> Sister M. Alexine Weiss

-5-

# EXHIBIT 5

Case 4:07-cv-03302-SBA   Document 1-3   Filed 01/25/2008   Page 47 of 50

*189724*

A281540

**FILED**
In the office of the Secretary of State
of the State of California

**MAY 2   1984**

MARCH FONG EU, Secretary of State
by _Kathleen A. Zaragoza_
Deputy

CERTIFICATE OF AMENDMENT
OF
ARTICLES OF INCORPORATION
OF
ST. JOSEPH HOSPITAL OF EUREKA

Peter W. Kriger and Willard G. Foote hereby certify that:

1. They are the President and Secretary, respectively, of said corporation.

2. The Articles of Incorporation of said corporation shall be amended by adding Article THIRD (i) and revising Article EIGHTH to read in full as shown in exhibit 1 hereto.

3. The foregoing amendments have been approved by the Board of Directors of said corporation.

4. The foregoing amendments have been approved by the required vote of the member of said corporation.

In witness hereof the undersigned has executed this certificate on ____April 30_____, 1984.

Peter W. Kriger
President

Willard G. Foote
Secretary

The undersigned further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of their own knowledge.

Peter W. Kriger

date: __April 30, 1984__

Willard G. Foote

date: __April 30, 1984__

JWH/650-04/0659A

Case 8:17-cv-01502-SPA    Document 3? 8    Filed 01/25/2018    Page 18 of 50

Exhibit 1.

THIRD (1):  To aid and assist the St.Joseph Health System.

EIGHTH:  All the property and assets of this corporation are irrevocably dedicated to religious, hospital, and charitable purposes meeting the requirements for exemption provided by Section 501(c)(3) of the Internal Revenue Code of 1954, as that section now exists or may subsequently be amended. No part of said property or assets shall ever inure to the benefit of any Director or Officer or to the benefit of any private individual. Upon the dissolution, winding up or abandonment of the corporation, its assets remaining after payment, or provision for payment, of all debts and liabilities of this corporation shall be distributed for use in furtherance of the purposes of the corporation as set forth in Article SECOND and Article THIRD of these Articles of Incorporation, to the Sisters of St. Joseph of Orange Health System, a California nonprofit public benefit corporation, if it is then in existence and being operated as an exempt organization qualified under Section

501(c)(3) of the Internal Revenue Code of 1954, as that section now exists or may subsequently be amended. If the Sisters of St. Joseph of Orange Health System is not then in existence or being so operated, then any remaining assets shall be distributed to the Sisters of St. Joseph of Orange, a California nonprofit religious corporation, if it is then in existence and being operated as an exempt organization qualified under Section 501(c)(3) of the Internal Revenue Code of 1954, as that section now exists or may subsequently be amended. If the Sisters of St. Joseph of Orange is not then in existence or being so operated, then any remaining assets shall be distributed to the Congregation of the Sisters of St. Joseph of Orange, if it is then in existence and being operated as an exempt organization qualified under Section 501(c)(3) of the Internal Revenue Code of 1954, as that section now exists or may subsequently be amended. If the Congregation of the Sisters of St. Joseph of Orange is not then in existence or being so operated, then any remaining assets shall be distributed to the participating health institutions of the Sisters of St. Joseph of Orange or the Congregation of the Sisters of St. Joseph of Orange in such proportions as may be determined by the corporate members of this corporation in their sole discretion, if any such health institutions are still in existence and exempt under Section 501(c)(3) of the Internal Revenue Code of 1954, as that section now exists or may subsequently be amended. If there are no such health institutions in

- 2 -

existence or being so operated, then any remaining assets shall be distributed to the Roman Catholic Bishop of the Diocese of Santa Rosa, a corporation sole, if it is then in existence and being operated as an exempt organization qualified under Section 501(c)(3) of the Internal Revenue Code of 1954, as that section now exists or may subsequently be amended. If the Roman Catholic Bishop of the Diocese of Santa Rosa is not then in existence or being so operated, then any remaining assets shall be distributed to another organization operated exclusively for charitable or religious purposes which has established its tax-exempt status under Section 501(c)(3) of the Internal Revenue Code of 1954, as that section now exists or may subsequently be amended, as determined by the corporate members of this corporation in their sole discretion.

- 3 -